# IN THE SUPREME COURT OF IOWA

No. 04 / 06-0971

Filed May 9, 2008

**IN RE THE DETENTION OF**
**BRYAN M. PIERCE,**

**STATE OF IOWA,**

Appellant.

---

Appeal from the Iowa District Court for Warren County, William H. Joy, Judge.

State appeals a district court determination finding respondent is not a sexually violent predator. **REVERSED AND REMANDED WITH INSTRUCTIONS.**

Thomas J. Miller, Attorney General, and Linda J. Hines and Denise A. Timmins, Assistant Attorneys General, for appellant.

Mark C. Smith, State Appellate Defender, and Matthew S. Sheeley, Assistant State Public Defender, for appellee Bryan Pierce.

**STREIT**, **Justice**.

Bryan Pierce has a history of sexually abusing young children. Prior to his release from prison, the State filed a petition to have him committed as a sexually violent predator ("SVP"). The case was tried to the district court. While the court found Pierce suffered from pedophilia and antisocial personality disorder, it held the State failed to prove Pierce is likely to "currently" engage in predatory acts constituting sexually violent offenses if not confined in a secure facility. The State appealed. As an initial matter, we find the State has the right to appeal a determination an individual is not an SVP. Moreover, we find the State was not required to prove Pierce was likely to commit a sexually violent offense in a given time frame. We remand for the district court to reexamine the evidence in light of our ruling.

## I. Facts and Prior Proceedings.

Pierce was forty-four years old at the time of his commitment hearing. He has an extensive criminal history which includes convictions for burglary, interference with official acts, criminal mischief, trespass, eluding, assaulting a police officer, and domestic assault. He has also been convicted of three sexually violent offenses. *See* Iowa Code § 229A.2(10) (2005) (defining sexual offense as either a "violation of any provision of chapter 709" or an "offense committed in another jurisdiction which would constitute an equivalent offense").

In 1987, Pierce, while living in Missouri, fondled and performed oral sex on his girlfriend's six-year-old son. He pled guilty to sexual abuse in the first degree and was sentenced to five years in prison.

In 2000, Pierce was living in Iowa with a different girlfriend and her children. He fondled this girlfriend's seven-year-old daughter on two occasions. That same year, Pierce showed pornographic magazines to a

nine-year-old girl he was babysitting and performed oral sex on her. As a result of the incidents in 2000, Pierce pled guilty to lascivious acts with a child and third degree sexual abuse. He was sentenced to a term of imprisonment not to exceed ten years.

Pierce was scheduled to be released from prison on August 20, 2005. However, on August 2 the State filed a petition alleging Pierce was an SVP and should be committed. *See* Iowa Code ch. 229A. The district court found probable cause existed to believe Pierce was an SVP and ordered a trial on the matter. In May 2006, after a bench trial, the district court found the State failed to prove Pierce was an SVP and dismissed the State's petition for commitment. Pierce was released from custody. The State thereafter appealed the district court's ruling. It alleged the district court misunderstood the standards for commitment under chapter 229A as well as the testimony of the State's expert witness.

Pierce moved to dismiss the appeal, arguing chapter 229A does not grant the State the right to appeal a determination that a person is not an SVP. We ordered the motion be submitted with the appeal and directed both parties to brief the issue of whether the State may appeal.

## II.   Scope of Review.

We review issues of statutory interpretation for correction of errors of law. *In re Detention of Willis*, 691 N.W.2d 726, 728 (Iowa 2005) (citing *Iowa Dep't of Transp. v. Soward*, 650 N.W.2d 569, 571 (Iowa 2002)). The district court's factual findings are binding on us if supported by substantial evidence unless they are induced by an erroneous application of law. *Hedrick Savings Bank v. Myers*, 229 N.W.2d 252, 254 (Iowa 1975).

**III.    Merits.**

**A.    Whether the State has the right to appeal.**    Pierce challenges the State's authority to appeal a district court's determination that an individual is *not* an SVP.    Pierce claims Iowa Code section 229A.7(5) only provides for the respondent to appeal, and thus the State is without authority to appeal the district court's decision.    Although the State apparently concedes section 229A.7(5) does not expressly provide it with the right to appeal, it claims section 229A.7(5) does not "usurp the general right of any party to appeal a final civil judgment."    *See Atwood v. Vilsack*, 725 N.W.2d 641, 649 (Iowa 2006) (stating chapter 229A commitment proceedings are civil in nature).

Iowa Code section 229A.7(5) provides in relevant part:

> If the court or jury determines that the respondent is a sexually violent predator, the respondent shall be committed to the custody of the director of the department of human services . . . . *The determination may be appealed.*

(Emphasis added.)

On the other hand, Iowa Rule of Appellate Procedure 6.1 states:

> All final judgments and decisions of the district court and any final adjudication in the district court under Iowa R. Civ. P. 1.444, involving the merits or materially affecting the final decision, may be appealed to the supreme court, except as provided in this rule and in rule 6.3.

Both parties agree "[t]he right to appeal is strictly governed by statute."    *In re Matter of Melodie L.*, 591 N.W.2d 4, 6 (Iowa 1999).    "[W]hen more than one statute is pertinent to an inquiry, we first consider them together in an attempt to harmonize both statutes."    *City of Des Moines v. City Dev. Bd.*, 633 N.W.2d 305, 311 (Iowa 2001).    To the extent the two statutes conflict, the statute dealing with the subject matter in a more definitive and minute way will prevail over the general statute.    *Id.*

We agree with the State the statutes can be harmonized. We need not decide whether "[t]he determination" in section 229A.7(5) refers only to the determination the respondent is an SVP. Assuming argumendo the parties' interpretation is correct, we nevertheless believe the last sentence in section 229A.7(5) was merely an effort by the legislature to emphasize the respondent's right to appeal an SVP determination rather than an intent to eliminate the State's general right to appeal. *See Osborne v. Florida*, 907 So. 2d 505, 507 (Fla. 2005) (holding Florida's statute stating "The determination that a person is a sexually violent predator may be appealed" did not eliminate the State's right to appeal in any civil proceeding).

Moreover, Pierce's reliance on a Missouri Court of Appeals decision is misplaced. *See In re Care & Treatment of Salcedo*, 34 S.W.3d 862 (Mo. Ct. App. 2001), *superseded by statute*, Mo. Rev. Stat. § 632.495 (Supp. 2002), *as recognized by Barlow v. State*, 114 S.W.3d 328, 331–32 (Mo. Ct. App. 2003). Iowa rule 6.1 gives civil litigants the right to appeal "[a]ll final judgments." In contrast, Missouri provides for a right to appeal from any civil cause unless "clearly limited in special statutory proceedings." Mo. Rev. Stat. § 512.020 (2006). The *Salcedo* court found that because Missouri's SVP Act provided only for the appeal of a determination that a person is an SVP, the legislature "clearly limited" the state's general right of appeal. *Salcedo*, 34 S.W.3d at 868–69. We do not find *Salcedo* persuasive in light of the statutory differences between Missouri and Iowa law. Thus, we hold the State may appeal the district court's determination that Pierce is not an SVP.

B. **Whether the district court applied the correct standard in its determination.** Turning to the merits of the appeal, we must determine whether the district court applied the correct legal standard.

The State was required to prove "beyond a reasonable doubt, [Pierce] is a sexually violent predator." Iowa Code § 229A.7(5). Thus, the State had to prove the following three elements: (1) Pierce has been convicted of a sexually violent offense; (2) Pierce suffers from a mental abnormality; and (3) the mental abnormality makes him more likely than not to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility. *Id.* § 229A.2(4), (11). A mental abnormality is a "congenital or acquired condition affecting the emotional or volitional capacity of a person and predisposing that person to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others." *Id.* § 229A.2(5).

The district court found the State met its burden with respect to the first two elements. Specifically, the court found Pierce suffered from two mental abnormalities—pedophilia and antisocial personality disorder. However, the court found the State failed to prove the third element because the State's expert could not offer an opinion as to whether Pierce is more likely than not to reoffend within five years. The court held the third element "requires a finding that the likelihood to engage in sexually violent offenses is a *current* or *present* likelihood of reoffense at the time of the proposed commitment." (Emphasis added.) The State's expert presented evidence Pierce shares similar characteristics with sex offenders who had high rates of reoffense over six to fifteen year periods. The district court held "opinion evidence of someone's lifetime risk of reoffending is irrelevant to the issue to be decided." We find the Act does not require the State to prove a respondent is more likely than not to reoffend within a particular time frame. The district court should have considered all of the State's evidence.

The district court's reliance on *In re Detention of Selby*, 710 N.W.2d 249 (Iowa Ct. App. 2005), for its interpretation of the Act was misplaced. There, the court of appeals rejected a respondent's contention chapter 229A violated due process because it fails to contain a temporal limitation for calculating a predator's risk of reoffense. *Selby*, 710 N.W.2d at 250. The court found the respondent's argument unconvincing because it interpreted chapter 229A to require a person be found to be both dangerous and mentally ill at the time of the proposed commitment. *Id.* at 252. We have no quarrel with this statement from the *Selby* court. However, there is no merit to the notion a person is not dangerous unless the State proves he would inflict harm immediately upon release. *See Hubbart v. Superior Ct.*, 969 P.2d 584, 600 (Cal. 1999). We have previously stated "we are convinced the legislature did not intend to impose a burden upon the State to prove that alleged sexual predators are expected to reoffend within a specific time period . . . ." *In re Detention of Ewoldt*, 634 N.W.2d 622, 624 (Iowa 2001); *see also In re Detention of Altman*, 723 N.W.2d 181, 185 (Iowa 2006) (stating chapter 229A requires an individualized determination "that the particular respondent is likely to commit sexually violent offenses in the *future*" (emphasis added)). Moreover, it would be impossible for the State to pinpoint exactly when it believes the respondent will reoffend. We conclude the statute requires the State to establish the respondent is presently suffering from a mental abnormality that makes him more likely than not to engage in sexually predatory acts in the future.

In the present case, Dr. Hoberman, the State's expert witness, determined Pierce's risk of reoffending using base rates for sex offenders, actuarial risk assessments, individual risk factors, and structured clinical judgment. Dr. Hoberman used three different actuarial risk

assessment instruments in his evaluation of Pierce. An actuarial assessment provides an "empirically measured rate of recidivism among a group of sex offenders who share a set of characteristics with the subject of the evaluation." Eric S. Janus & Robert A. Prentky, *Forensic Use of Actuarial Risk Assessment with Sex Offenders: Accuracy, Admissibility and Accountability*, 40 Am. Crim. L. Rev. 1443, 1476 (2003). Using the Static-99 instrument, Dr. Hoberman placed Pierce in the high risk category associated with a 52% rate of reconviction over a period of fifteen years. Based on the MNSOST-R instrument, Pierce was placed in the category associated with a 72% risk of being rearrested for a sexual offense within a six-year period. With the SORAG instrument, Pierce fell in the category associated with an 89% likelihood of violently reoffending (not necessarily a sex crime) within a ten-year period. Dr. Hoberman opined these actuarial figures may be conservative because they are based on rates of rearrest or reconviction and studies have shown sex offenses against children are vastly under reported.

Dr. Hoberman also considered Pierce's individual risk factors. He concluded Pierce possessed several traits associated with future sexual offending such as deviant sexual behavior and arousal, problems in interpersonal relationships, persistent rule violations, failure to complete sex offender treatment, and a general criminal history.

Finally, Dr. Hoberman used structured clinical judgment to evaluate Pierce's risk of reoffending. He labeled Pierce a psychopath using the Hare Psychopathy Checklist-Revised. Dr. Hoberman explained research has shown people who have high psychopathy scores and deviant sexual arousal are at a "particularly elevated rate of sexual reoffending." Dr. Hoberman concluded Pierce "falls into the higher category of risk and is someone whose level of risk would be more likely

than not" to commit future sexual offenses. The Act does not require more precise evidence for a reasonable fact finder to conclude Pierce is dangerous and a menace to society if not committed. The district court erred by refusing to consider evidence of Pierce's lifetime risk. The actuarial risk assessment results were relevant to determine whether Pierce is an SVP within the meaning of the Act. *See* Iowa R. of Evid. 5.401 (stating evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"). How much weight the evidence should be given is of course up to the fact finder. *State v. Thorton*, 498 N.W.2d 670, 673 (Iowa 1993).

Sexual offenses are often crimes of opportunity. It is impossible to predict when Pierce will have access to young children. However, there is abundant evidence Pierce has abused children when the opportunity was presented to him. If a fact finder believes Pierce will commit another sexual offense if given the opportunity because his pedophilia and antisocial personality disorder prevent him from controlling his behavior, then the State has proven Pierce is an SVP. Because the district court misinterpreted what the Act requires the State to prove, we reverse and remand for the court to reconsider the evidence presented at trial.

## IV. Conclusion.

The State may appeal a determination that an individual is not an SVP. Moreover, the State was not required to prove Pierce is likely to reoffend within a given time frame.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**