# IN THE SUPREME COURT OF IOWA

No. 08 / 06–1668

Filed August 22, 2008

**IN RE THE DETENTION OF
FRANCISCO F. ESCOBEDO**,

**FRANCISCO F. ESCOBEDO**,

Appellant.

Appeal from the Iowa District Court for Fremont County, Charles L. Smith III, Judge.

Respondent in a civil commitment proceeding appeals from civil commitment after a jury found him to be a sexually violent predator. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Michael H. Adams and Greta Truman, Assistant Public Defenders, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Andrew B. Prosser, and Rebecca Goettsch, Assistant Attorneys General, for appellee.

**PER CURIAM.**

After a jury found Francisco Escobedo to be a "sexually violent predator" (SVP), as defined in Iowa Code section 229A.2(11) (2005), the district court committed him to the custody of the department of human services as required by section 229A.7(5). On appeal, Escobedo asserts numerous claims of error, each of which is governed by similar recent cases.

Escobedo first claims his rights to due process and equal protection were violated by the provision in Iowa Code section 229A.7(4) that entitled the attorney general to demand a jury trial. Our recent opinion in *In re Detention of Hennings*, 744 N.W.2d 333 (Iowa 2008), squarely addressed and rejected a similar argument. For the reasons stated in that opinion, the right of the attorney general to demand a jury trial under section 229A.7(4) does not violate the Due Process and Equal Protection Clauses of the Constitutions of the United States and Iowa.

Next, Escobedo asserts three legal errors: insufficiency of the evidence, admission of irrelevant and unfairly prejudicial evidence, and erroneous jury instructions. Escobedo's arguments supporting these three errors are premised on his claim that chapter 229A requires a present likelihood of reoffense at the time of the proposed commitment. We rejected such an interpretation in *In re Detention of Pierce*, 748 N.W.2d 509 (Iowa 2008). Pierce is dispositive of Escobedo's claims of legal error. For the reasons stated in that opinion, we conclude the district court did not commit the legal errors asserted by Escobedo.

We conclude Iowa Code section 229A.7(4) does not violate Escobedo's rights to due process and equal protection, and the district

court did not err in interpreting and applying chapter 229A. Consequently, we affirm the district court.

**AFFIRMED.**

All justices concur except Baker, J., who takes no part.

This is not a published opinion.