# IN THE COURT OF APPEALS OF IOWA

————————————

No. 25-0689
Filed April 15, 2026

————————————

**In re the Detention of Lonnie Duane Fields,**

**Lonnie Duane Fields,**
Respondent–Appellant.

————————————

Appeal from the Iowa District Court for Jasper County,
The Honorable Terry Rickers, Judge.

————————————

**AFFIRMED**

————————————

Matthew C. Moore, Assistant State Public Defender, attorney for appellant.

Brenna Bird, Attorney General, Anagha Dixit (until withdrawal), and
Nicholas E. Siefert, Assistant Attorneys General, attorneys for appellee.

————————————

Considered without oral argument
by Greer, P.J., and Schumacher and Chicchelly, JJ.
Opinion by Chicchelly, J.

**CHICCHELLY, Judge.**

Lonnie Duane Fields appeals his civil commitment as a sexually violent predator. He argues there is insufficient evidence to support civil commitment. Upon our review, we find there is substantial evidence and affirm the district court's determination that Fields is a sexually violent predator.

## BACKGROUND FACTS AND PROCEEDINGS

In October 2024, the State petitioned to involuntarily commit Fields as a sexually violent predator under Iowa Code chapter 229A (2024). In its petition, the State alleged six sexually violent offenses under Iowa Code section 229A.2(14)(a). These offenses were:

- An October 1, 1997 conviction for indecent exposure in violation of Iowa Code section 709.9.
- A June 5, 1997 conviction for indecent contact with a child in violation of section 709.12.
- A July 23, 1997 conviction for indecent exposure in violation of Iowa Code section 709.9.
- A July 23, 1997 conviction for indecent exposure in violation of Iowa Code section 709.9
- A July 31, 2020 conviction for indecent exposure in violation of section 709.9.
- A November 30, 2020 conviction for indecent exposure in violation of Iowa Code section 709.9.

The case proceeded to a bench trial. When the trial commenced, Fields was fifty-nine years old and turned sixty a few weeks later. At trial, Fields was called as a witness by the State. During his testimony, Fields admitted to being convicted of sexually violent offenses. He admitted to masturbating in sight of children, neighbors, and strangers in public. Fields estimated he had masturbated in sight of twenty to fifty victims in his lifetime. Many of these instances were undetected sexual offending that Fields had

never been charged with or convicted of. Fields also admitted that his most recent attempt at community supervision had, in part, ended because he had used methamphetamine and indecently exposed himself.

The State also presented the testimony of Dr. David Thornton. Dr. Thornton evaluated Fields and reviewed Fields's records from the State and Iowa Department of Corrections. He diagnosed Fields with exhibitionistic disorder and stimulant use disorder. And Dr. Thornton testified these disorders predisposed Fields to future acts of sexual violence. Based on a variety of risk assessment tools, Dr. Thornton testified that Fields posed an above-average risk of recidivism.

To rebut that testimony, Fields presented Dr. Luis Rossell. Dr. Rossell did not dispute the diagnoses of exhibitionistic disorder and stimulant use disorder. But he testified that these disorders do not qualify as a mental abnormality for the purposes of the sexually violent predator statute and did not make Fields a likely recidivist. However, on cross-examination, Dr. Rossell admitted portions of his report were inaccurate as they were evaluations of a different individual.

Ultimately, the district court concluded the State had proven Fields is a sexually violent predator beyond a reasonable doubt. The district court committed Fields to the Iowa Department of Health and Human Services for treatment until his mental abnormality no longer makes him a danger to himself and the community at-large. Fields now appeals.

## STANDARD OF REVIEW

A sufficiency-of-the-evidence claim is reviewed for correction of errors at law. *In re Det. of Betsworth*, 711 N.W.2d 280, 286 (Iowa 2006). "If there is substantial evidence upon which a rational trier of fact could find the

respondent to be a sexually violent predator beyond a reasonable doubt, we are bound by the [trier of fact]'s finding." *Id.* We view the evidence most favorably to the State, drawing all legitimate inferences and presumptions accordingly; nevertheless, "[e]vidence is not substantial if it raises only suspicion, speculation, or conjecture." *Id.* at 287 (citation omitted).

## DISCUSSION

To succeed on a petition to have a person committed pursuant to chapter 229A, the State must prove, "beyond a reasonable doubt, the respondent is a sexually violent predator." Iowa Code § 229A.7(5)(a); *accord In re Det. of Pierce*, 748 N.W.2d 509, 512 (Iowa 2008). A sexually violent predator is "a person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." Iowa Code § 229A.2(15). Thus, three elements must be satisfied: (1) a qualifying charge or conviction, (2) the presence of a mental abnormality, and (3) a nexus between the mental abnormality and a likelihood of committing future sexually violent offenses. *See Pierce*, 748 N.W.2d at 513. Fields does not challenge the first and second element, so we confine our review to the third.

Fields's sole argument on appeal is that the district court erred in finding he was more likely than not to engage in future acts of sexual violence if he is not confined to a secure facility. He argues the district court erred in using Field's risk assessment at the age of fifty-nine instead of sixty because his risk of recidivism would decrease at sixty. At the time of trial, Fields was four weeks away from his sixtieth birthday. Upon our review, we find substantial evidence supports the district court's finding that Fields is more likely than not to engage in future acts of sexual violence.

4

Fields points us to testimony of Dr. Rossell that Fields would drop from above-average risk to average risk at the age of sixty[1] when using the Static-99R risk assessment tool. But the Static-99R is only a risk assessment tool. It is the factfinder's duty to determine whether an accused is more likely than not to engage in acts of a sexually violent manner. *In re Det. of Barr*, No. 21-1305, 2022 WL 10861330, at *6 (Iowa Ct. App. Oct. 19, 2022).

On the other hand, Dr. Thornton's evaluation and the district court's order discuss the risk assessment at the time of trial. Dr. Thornton determined Fields is more likely than not to commit another sexually violent offense if released. And Dr. Thornton addressed Field's impending sixtieth birthday. When asked how that would impact his risk assessment, Dr. Thornton testified:

> Where that gets me is that his risk estimate with the Static-99R would come down clearly below the more likely than not threshold, but on the other two instruments, the Static-2002R and the Risk Matrix 2000, it would still be above the more likely than not threshold.
>
> So two out of the three instruments would be saying, Yes, he meets more likely than not. One of them would be assigning him less risk.

He also opined that there remained a greater than not chance that Fields would commit another sexually violent offense. The testimony of a doctor that there is a likelihood a respondent will sexually reoffend is sufficient to distinguish that respondent from a typical recidivist. *In re Det. of Altman*, 723 N.W.2d 181, 185–86 (Iowa 2006). We also share the district court's concerns regarding the mistakes found in Dr. Rossell's reports "insofar as the Court has to weigh the consistency and credibility of the

---

[1] It is worth noting that Dr. Rossell also determined Fields posed an-above average risk at the time of trial.

expert witness's opinions and conclusions."  And in any event, we defer to the district court's judgment when there is a battle of the experts.  *In re Det. of Welsh*, No. 20-1282, 2022 WL 108576, at *3 (Iowa Ct. App. Jan. 12, 2022); *accord State v. Fetters*, 562 N.W.2d 770, 775 (Iowa Ct. App. 1997) ("When the psychiatric testimony is conflicting, the reviewing court will 'not determine anew the weight to be given trial testimony.'" (citation omitted)).  So, we find there is substantial evidence supporting the third element.

## CONCLUSION

Because we find there is substantial evidence that Fields is a sexually violent predator who is more likely than not to engage in sexually violent offenses if not confined to a secure facility, we affirm.

**AFFIRMED.**