34 S.W.3d 862 (2001)
In the Matter of the CARE AND TREATMENT of Jesse SALCEDO, a/k/a Jesse Sauceda.
Attorney General of Missouri, Appellant,
v.
Jesse Salcedo, a/k/a Jesse Sauceda, Respondent.
No. 22998.
Missouri Court of Appeals, Southern District, Division One.
January 4, 2001.
*864 Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Alana M. Barragan-Scott, Asst. Atty. Gen., Jefferson City, for appellant.
Craig A. Johnston, Asst. Public Defender, Columbia, for respondent.
Before PARRISH, P.J., and SHRUM and MONTGOMERY, JJ.
PER CURIAM.
On May 16, 2000, a three-judge panel of this court issued an opinion dismissing the appeal in this cause. On August 29, 2000, the Supreme Court of Missouri granted an application by the appellant to transfer this cause to that court. On December 27, 2000, the Supreme Court of Missouri issued the following order: "Cause ordered retransferred to the Missouri Court of Appeals, Southern District."
The original opinion of this court, which follows, is now readopted and reissued.

* * *
The Attorney General of Missouri ("the AG") brings this appeal from a ruling by the judge of the Probate Division of the Circuit Court of Scott County ("the probate judge") in a proceeding under §§ 632.480-.513, RSMo Cum.Supp.1999. Those sections took effect January 1, 1999.[1] They establish a procedure for civil commitment of sexually violent predators.[2] For convenience, those sections are henceforth referred to collectively as "the SVP Act."
The first issue confronting this court is whether the AG has a right to appeal from the challenged ruling. Discussion of that issue requires a brief introduction to the SVP Act and a chronology of the instant case.
Section 632.483 provides, inter alia, that when a person convicted of a sexually violent offense[3] is scheduled for release from a correctional center of the Department of Corrections, the Department must notify the AG if it appears such person "may meet the criteria of a sexually violent predator." The statute requires an evaluation of the person by a "multidisciplinary team," which "shall notify the attorney general of its assessment." The statute further provides that a "prosecutor's review *865 committee" shall make a determination "of whether or not the person meets the definition of a sexually violent predator."
Section 632.486 reads, inter alia:
"When it appears that the person presently confined may be a sexually violent predator and the prosecutor's review committee ... has determined by a majority vote, that the person meets the definition of a sexually violent predator, the attorney general may file a petition, in the probate division of the circuit court in which the person was convicted... alleging that the person is a sexually violent predator and stating sufficient facts to support such allegation."
Section 632.489.1 provides, inter alia, that upon the filing of the petition, the judge "shall determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator." If the judge determines probable cause exists, subsection 2 of § 632.489 provides, inter alia, that the person named in the petition "shall be provided with notice of, and an opportunity to appear in person at, a hearing to contest probable cause as to whether the detained person is a sexually violent predator." Subsection 2 continues:
"At this hearing the court shall:
(1) Verify the detainee's identity; and
(2) Determine whether probable cause exists to believe that the person is a sexually violent predator. The state may rely upon the petition and supplement the petition with additional documentary evidence or live testimony."
Subsection 3 of § 632.489 sets forth more provisions regarding the hearing. It reads:
"At the probable cause hearing as provided in subsection 2 of this section, the detained person shall have the following rights in addition to the rights previously specified:
(1) To be represented by counsel;
(2) To present evidence on such person's behalf;
(3) To cross-examine witnesses who testify against such person; and
(4) To view and copy all petitions and reports in the court file, including the assessment of the multidisciplinary team."
Subsection 4 of § 632.489 provides that if the court determines probable cause exists to believe the detained person is a sexually violent predator, the court shall direct the Director of the Department of Mental Health to have the person examined "by a psychiatrist or psychologist as defined in section 632.005 who was not a member of the multidisciplinary team...." Subsection 4 grants the detained person the right to be examined by a psychiatrist or psychologist of the person's choice at his expense.
Section 632.492 provides that after the completion of any examination under § 632.489, the court shall conduct a trial to determine whether the detained person is a sexually violent predator. Section 632.492 further provides: "The person, the attorney general, or the judge shall have the right to demand that the trial be before a jury. If no demand for a jury is made, the trial shall be before the court."
Section 632.495 provides, inter alia:
"The court or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator. If such determination that the person is a sexually violent predator is made by a jury, such determination shall be by unanimous verdict of such jury. Such determination may be appealed."
Section 632.495 further provides that if the person is found to be a sexually violent predator, such person shall be committed to the custody of the Director of the Department of Mental Health "for control, care and treatment until such time as the person's mental abnormality has so changed that the person is safe to be at large." Section 632.495 also provides: "If *866 the court or jury is not satisfied beyond a reasonable doubt that the person is a sexually violent predator, the court shall direct the person's release."
The instant case began April 7, 1999, when the AG filed a petition in the Probate Division of the Circuit Court of Scott County per § 632.486 (quoted in part earlier in this opinion). An amended petition, filed by the AG the following day, alleged, inter alia, that Jesse Salcedo, "a/k/a Jesse Sauceda," was confined in the Jefferson City Correctional Center in the custody of the Department of Corrections. The pleading further alleged the Department of Corrections had certified that Salcedo[4] may meet the criteria of a sexually violent predator; that on September 18, 1996, Salcedo pled guilty in the Circuit Court of Scott County to a sexually violent offense; and that Salcedo suffers from a mental abnormality, pedophilia, which makes him more likely than not to engage in predatory acts of sexual violence if released.
The amended petition prayed the court to proceed as provided in the SVP Act.
This court gathers from the record that after the petition was filed, the probate judge made a preliminary determination of probable cause per § 632.489.1. Thereafter, on April 13, 1999, the probate judge conducted a formal probable cause hearing per subsections 2 and 3 of § 632.489. The AG appeared by an Assistant Attorney General. Salcedo appeared in person and with appointed counsel (an Assistant Public Defender). Five witnesses testified.
At the end of the evidence, the probate judge found no probable cause exists to believe Salcedo is a sexually violent predator as defined in the SVP Act. The probate judge subsequently entered an "Order and Judgment" consistent with that ruling.[5]
The AG challenges that ruling in this appeal.
Salcedo moved to dismiss the appeal, maintaining no statute authorizes it. Salcedo proclaims the only appeal allowed in a proceeding under the SVP Act is the one permitted by § 632.495, i.e., an appeal from a determination that the person named in the petition is a sexually violent predator.
The AG acknowledges the right to appeal is purely statutory; where no statute grants such a right, none exists. Farinella v. Croft, 922 S.W.2d 755, 756[1] (Mo. banc 1996). The AG also tacitly concedes no provision in the SVP Act authorizes this appeal. However, argues the AG, two other statutes allow it.
The first statute cited by the AG is § 512.020, RSMo 1994. It reads, in pertinent part:
"Any party to a suit aggrieved by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or order refusing to revoke, modify, or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case...."
Obviously, the only type of ruling listed in the above statute that could arguably authorize the AG's appeal is the one described as "any final judgment in the case."
*867 In that regard, it is debatable whether the instant proceeding ever advanced to a final judgment, as no trial was held to determine whether, beyond a reasonable doubt, Salcedo is a sexually violent predator. The proceeding ended abruptly when the probate judge, after the hearing required by subsections 2 and 3 of § 632.489, found no probable cause exists to believe Salcedo is a sexually violent predator.
Nonetheless, says the AG, Salcedo "cannot argue that the decision below is not a final adjudication," as it resulted in his discharge.
Assuming, without deciding, that the probate judge's ruling is a "final judgment in the case" within the meaning of § 512.020, this court holds § 512.020 does not confer appealability on such ruling.
Section 512.020 allows a party aggrieved by a judgment in a "civil cause" to appeal where an appeal is not "clearly limited in special statutory proceedings."
For the reasons set forth below, this court holds the method established by the SVP Act for involuntary civil commitment of sexually violent predators is a special statutory proceeding.
As we have seen, the SVP Act erects an elaborate, step-by-step procedure, conferring on the suspected predator a number of rights enjoyed by defendants in criminal prosecutions. Those rights include: the right to a preliminary determination by the probate judge of whether probable cause exists to believe the suspected predator is a sexually violent predator (§ 632.489.1); the right to contest an adverse probable cause determination at a hearing (§ 632.489.2); the right to appear in person and be represented by counsel at the hearing (§ 632.489.2 and .3(1)); the right to present evidence and cross-examine adverse witnesses (§ 632.489.3(2) and.3(3)); the right to a jury trial (§ 632.492); the right to require the AG to prove beyond a reasonable doubt that the suspected predator is a sexually violent predator (§ 632.495); and the right to have such determination made by unanimous verdict (§ 632.495).
The General Assembly evidently conferred those rights on suspected predators because, even in civil proceedings for involuntary commitment, the person whose commitment is sought has a "liberty [interest] protected by the Due Process Clause from arbitrary governmental action." Kansas v. Hendricks, 521 U.S. 346, 117 S.Ct. 2072, 2079, 138 L.Ed.2d 501 (1997). There, the Supreme Court of the United States upheld the involuntary civil commitment of a person under the Kansas Sexually Violent Predator Act enacted in 1994. The opinion explained:
"States have in certain narrow circumstances provided for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety.... We have consistently upheld such involuntary commitment statutes provided the confinement takes place pursuant to proper procedures and evidentiary standards."
117 S.Ct. at 2079-80.
The procedure created by the SVP Act is used only in instances where the AG files a petition for civil commitment of an alleged sexually violent predator. The procedure is entirely a creature of statute; it exists nowhere else in Missouri jurisprudence. Accordingly, an action under the SVP Act is, without question, a special statutory proceeding.
The next issue is whether the right to appeal in a proceeding under the SVP Act is "clearly limited" within the meaning of § 512.020. Three sections of the SVP Act are enlightening on that issue.
Section 632.498not heretofore discussedprovides for an annual review of the mental condition of each person committed under the SVP Act. The committed person is granted the right to petition the court for release over the objection of the Director of the Department of Mental *868 Health. If the committed person files such a petition, the court must hold a hearing to determine whether "probable cause exists to believe that the person's mental abnormality has so changed that the person is safe to be at large and will not engage in acts of sexual violence if discharged." If the court resolves that issue favorably to the committed person, the court is required to hold another hearing. Section 632.498 continues:
"At the hearing, the committed person shall be entitled to be present and entitled to the benefit of all constitutional protections that were afforded the person at the initial commitment proceeding. The attorney general shall represent the state and shall have a right to a jury trial and to have the committed person evaluated by a psychiatrist or psychologist not employed by the department of mental health or the department of corrections. In addition, the person may be examined by a consenting psychiatrist or psychologist of the person's choice at the person's own expense. The burden of proof at the hearing shall be upon the state to prove beyond a reasonable doubt that the committed person's mental abnormality remains such that the person is not safe to be at large and if released is likely to engage in acts of sexual violence."
Unlike § 632.495, nothing in § 632.498 authorizes an appeal from any determination on any issue under § 632.498.
Section 632.501another statute not heretofore discussedauthorizes the Director of the Department of Mental Health to allow the committed person to petition the court for release if the Director determines the person's mental abnormality "has so changed that the person is not likely to commit acts of sexual violence if released." If the committed person files a petition for release under § 632.501, only one hearing is required. The statute provides:
"The hearing shall be before a jury if demanded by either the petitioner or the attorney general. The burden of proof shall be upon the attorney general to show beyond a reasonable doubt that the petitioner's mental abnormality remains such that the petitioner is not safe to be at large and that if discharged is likely to commit acts of sexual violence."
Like § 632.498, nothing in § 632.501 authorizes an appeal.
Section 632.504a third statute not heretofore discussedallows the court to deny a petition for discharge by the committed person without a hearing if the court finds the petition "is based upon frivolous grounds." Section 632.504 says nothing about an appeal.
It is evident that once a person is committed under the SVP Act, a probate judge will be making rulings under § 632.498, § 632.501 or § 632.504or perhaps all of themas long as the commitment persists. The General Assembly conferred no right to appeal on any party from any ruling under any of those statues.
The express mention of one thing in a statute implies the exclusion of another. State v. Cox, 836 S.W.2d 43, 46[5] (Mo.App. S.D.1992). This court therefore concludes that the General Assemblywhen it created the special statutory proceeding in the SVP Actclearly intended to limit appeals to one specific instance, viz: a determination under § 632.495 that a person is a sexually violent predator.
This court is convinced that had the General Assembly intended to confer on the AG a right to appeal from a ruling by a probate judge under § 632.489 (the statute under which the probate judge made the ruling appealed from here), the General Assembly would have said so. This court is likewise convinced that had the General Assembly intended to grant the AG a right to appeal from a determination in favor of the alleged predator under § 632.495, the General Assembly would have said so. This court is further convinced that had the General Assembly intended to allow the AG or the committed person to appeal *869 from any ruling by a probate judge under § 632.498 or any determination by a jury under that section, the General Assembly would have said so.
This court is equally convinced that had the General Assembly meant to allow the AG or the committed person to appeal from a determinationby either a probate judge or a juryunder § 632.501, the General Assembly would have said so. Finally, this court is convinced that had the General Assembly intended to allow the committed person to appeal from a ruling by a probate judge under § 632.504, the General Assembly would have said so.[6]
That analysis leads this court to the inescapable conclusion that (a) the General Assembly "clearly limited" the right to appeal in the special statutory proceeding created by the SVP Act, (b) the only appeal authorized by the General Assembly in the SVP Act is an appeal from a determination under § 632.495 that the person named in the AG's petition is a sexually violent predator, and (c) the General Assembly conferred no right on the AG to appeal from a determination by a probate judge under § 632.489 favorable to such person. Consequently, § 512.020 does not authorize the AG's appeal in the instant case.
The other statute that, according to the AG, authorizes the instant appeal is § 472.170, RSMo 1994. It reads, in pertinent part:
"1. Appeals shall be allowed from the probate division of the circuit court to the appropriate appellate court in any case in which a final adjudication in an investigation of the mental condition of any person alleged to be disabled, incapacitated, or mentally ill has been made. The appeal may be made by the petitioner who applied for such adjudication, or by the person alleged to be disabled, incapacitated, or mentally ill, or by any relative of such person, or by any reputable citizen of the county in which the hearing occurred, or by an attorney for any of the foregoing persons."
This court first observes it is arguable whether the probate judge's ruling in the instant case is a "final adjudication" within the meaning of the first sentence of the above-quoted statute. However, it is unnecessary to decide that question. This court shall assume, without deciding, that the ruling attacked in this appeal is a "final adjudication" as contemplated by § 472.170.1.
Endeavoring to ascertain who can appeal under § 472.170.1, this court notes Chapter 475, RSMo 1994, pertains, inter alia, to persons alleged to be disabled or incapacitated. Section 475.010(4) defines a "disabled person"; § 475.010(9) defines an "incapacitated person." Section 475.030.1 authorizes issuance of letters of conservatorship of the estate of "any person adjudged to be disabled." The same statute authorizes issuance of letters of guardianship of the person for "any person adjudged incapacitated." Sections 475.060.075 spell out the procedure for seeking such letters.
This court concludes that the provision in the first sentence of § 472.170.1 regarding appeals in cases involving persons alleged to be disabled or incapacitated refers to cases under Chapter 475, described in the preceding paragraph. The second sentence of § 472.170.1 permits an appeal by, inter alia, "the petitioner who applied for such adjudication."
The AG is, of course, the petitioner in the instant case. However, the AG's petition did not aver Salcedo is disabled or incapacitated within the meaning of Chapter 475, nor did the petition pray for the appointment of a conservator for Salcedo's estate or a guardian of his person. Instead, the petition sought an adjudication *870 under the SVP Act that Salcedo is a sexually violent predator.
This court therefore holds the AG's appeal is not an appeal by a petitioner who sought an adjudication that a person is disabled or incapacitated within the meaning of § 472.170.1. Consequently, the provision in § 472.170.1 allowing an appeal by "the petitioner who applied for such adjudication" does not authorize the AG's appeal here.
The only remaining possibility that the AG's appeal is authorized by § 472.170.1 is that the instant proceeding is an investigation of the mental condition of a person "alleged to be ... mentally ill" (the third scenario in the first sentence of that statute).
On that subject, this court notes § 472.170.1 has remained unchanged since 1983. As reported in the first paragraph of this opinion, the SVP Act took effect January 1, 1999. Thus, when the General Assembly last amended § 472.170.1, the SVP Act lay more than fifteen years in the future.
Accordingly, it cannot be claimed that the General Assembly, in 1983, intended the term "mentally ill" in § 472.170.1 to include a "mental abnormality" that causes a person to be a sexually violent predator as defined in § 632.480(5).[7]
Furthermore, as emphasized earlier, the SVP Act contains a specific provision authorizing an appeal in only one instancethe appeal allowed by § 632.495. Although it is apparent that a probate judge will be making rulings on issues arising under §§ 632.489, 632.498, 632.501 and 632.504, the SVP Act contains no authorization for an appeal from any such rulings.
Because the SVP Act has a specific provision authorizing but one appeal § 632.495while § 472.170.1, in general terms, allows appeals in cases involving the mental condition of a person "alleged to be... mentally ill," this court holds § 632.495 prevails over § 472.170.1. That is because when the same subject matter is addressed in general terms in one statute and in specific terms in another, the more specific controls over the more general. Greenbriar Hills Country Club v. Director of Revenue, 935 S.W.2d 36, 38[4] (Mo. banc 1996).
Accordingly, this court concludes § 472.170.1 does not authorize the AG's appeal in this case. Because neither of the statutes relied on by the AG authorizes the appeal, this court grants Salcedo's motion to dismiss it.
Appeal dismissed.
NOTES
[1] Several of those sections were amended by H.B. 852, Laws of Missouri 1999, pp. 749-55. The amendments took effect August 28, 1999, after the AG commenced this appeal. References to any section in §§ 632.480-.513 in this opinion are to the version in force prior to the August 28, 1999, amendments.
[2] Insofar as pertinent to this appeal, § 632.480(5) defines a sexually violent predator as:

"[A]ny person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who:
(a) Has pled guilty or been found guilty, or been found not guilty by reason of mental disease or defect pursuant to section 552.030, RSMo, of a sexually violent offense; or
(b)...."
[3] Section 632.480(4) identifies the crimes that constitute a sexually violent offense.
[4] The surname "Salcedo" appears on a confinement report and on the assessment form prepared by the multidisciplinary team. The surname "Salcedo" also appears on the report of the prosecutor's review committee. However, the transcript of the hearing conducted under § 632.489.2 and .3 uses the surname "Sauceda." Because the surname "Salcedo" appears on the petition and judgment, followed by "a/k/a Jesse Sauceda," this opinion uses the surname "Salcedo."
[5] The Order and Judgment directed that Salcedo be discharged.
[6] Whether the SVP Act might be vulnerable to a constitutional challenge because it does not provide for an appeal by the committed person from rulings under §§ 632.498, 632.501 and 632.504 is not a subject that must be addressed in this opinion.
[7] The statutory definition of a sexually violent predator is set forth, insofar as pertinent to this appeal, in footnote 2, supra. It is noteworthy that another group of statutes, §§ 632.300-.455, RSMo 1994, was in force when the General Assembly last amended § 472.170.1. Sections 632.300-.455 establish a procedure for civil detention of a person who, "as the result of a mental disorder, presents a likelihood of serious harm to himself or others." § 632.300.1, RSMo Cum. Supp.1999. The reference in § 472.170.1 to cases involving the mental condition of any person "alleged to be ... mentally ill" may refer to proceedings under §§ 632.300-.455. However, among those statutes is one specifically allowing appeals: § 632.430.