**Angela Lynn WARLOP, and Angela L. Warlop, as Next Friend of Sophia A. Warlop, Respondent,**

v.

**James B. WARLOP, Appellant.**

**No. WD 68578.**

Missouri Court of Appeals, Western District.

June 3, 2008.

Douglas M. Greenwald, Kansas City, KS, for appellant.

Angela Lynn Warlop, pro se.

Before VICTOR C. HOWARD, Chief Judge, HAROLD L. LOWENSTEIN, Judge and JAMES WELSH, Judge.

VICTOR C. HOWARD, Chief Judge.

During the marriage of James Warlop (Husband) and Angela Warlop (Wife), a child was born. During divorce proceedings, it was shown that the child was not Husband's natural child. Outside of the divorce proceedings, Husband and Wife signed a "Parenting Plan" allowing Husband to visit the child. Following the divorce, Wife stopped allowing Husband any visitation with the minor child. Husband filed a Motion to Enforce the "Parenting Plan." The trial court denied the motion on the basis that it did not have jurisdiction. The judgment of the trial court is affirmed.

**Factual and Procedural Background**

Husband and Wife were married April 8, 2000. S was born October 17, 2000. Husband was listed on S's birth certificate as the father. Wife filed for divorce, and during divorce proceedings, at Husband's request, a DNA test was conducted which proved that Husband was not S's natural father. On October 28, 2004, the trial court issued a Judgment and Decree of Dissolution of Marriage. In the decree, the trial court found that Husband was not the father of S and ordered that Wife would have sole custody and receive no child support from Husband.

At the time of the divorce, a "Parenting Plan" was signed by both Husband and Wife, designating times for Husband to have visitation of S. This alleged "Parenting Plan" was never presented to the court or incorporated into the divorce decree. In February 2007, Husband filed a Motion

to Enforce the "Parenting Plan." Husband claimed that Wife was no longer allowing him to have any contact with S. Wife filed a response to the motion, asking the court not to allow enforcement of the "Parenting Plan."

A hearing was held on Husband's motion. Following the hearing, the trial court issued a judgment denying the motion on the basis "that the court lacks jurisdiction, statutory authority or case law authority" to grant Husband's request. Husband now appeals.

**Discussion**

 "Subject matter jurisdiction is a question of law subject to *de novo* review by this court." *Straight v. Straight*, 195 S.W.3d 461, 464 (Mo.App. W.D.2006). Therefore, we review the trial court's denial of the motion to enforce on the basis of a lack of jurisdiction *de novo*.

 Where there are no children born of the marriage or adopted by the parents and no allegations of the natural parents being unfit, the trial court in a divorce proceeding does not have jurisdiction to determine the custody of one party's child. *See In re Marriage of Said*, 26 S.W.3d 839, 844 (Mo.App. S.D.2000). The trial court in this case no longer had jurisdiction over the custody of S. Although Husband claims that Wife is unfit and points to section 452.375.5(5)(a),[1] this argument fails. Section 452.375.5(5)(a) requires a finding of each parent being unfit. The trial court explicitly found in the divorce decree that Wife was a fit and proper person to have sole legal and physical custody of S. Husband's attempt to now argue that Wife is unfit is not proper in conjunction with the divorce proceeding.[2]

---

1. All statutory references are to RSMo 2000 unless otherwise indicated.

2. Nor has Husband made any accusations regarding S's biological father. *See Said*, 26

The trial court's judgment denying the motion to enforce is affirmed.

All concur.

S.W.3d at 840. Therefore, Husband's motion lacks the prerequisites of section 452.375.5(5)(a). *Id.* at 844.