**In re: Michael FOGLE, Appellant–Respondent,**

**v.**

**STATE of Missouri, Respondent–Appellant.**

**Nos. WD 69618, WD 69619.**

Missouri Court of Appeals, Western District.

July 7, 2009.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 2009.

Application for Transfer Denied Nov. 17, 2009.

Emmett D. Queener, Columbia, MO, for appellant.

Shaun J. Mackelprang and Alana M. Barragan–Scott, Jefferson City, MO, for respondent.

Before JAMES M. SMART, JR., P.J., JOSEPH M. ELLIS, and JAMES E. WELSH, JJ.

JAMES M. SMART, JR., Judge.

In this case brought under the Sexually Violent Predator Act, section 632.480 through 632.513 RSMo., both parties appeal the judgment of the trial court. In the judgment, the court committed Michael Fogle to the custody of the Depart-

ment of Mental Health (sometimes herein referred to as "the Department") for care, control, and treatment. The court also purported to impose special instructions on the Department concerning Fogle's treatment and privileges.

The State appeals, arguing that the court was without authority to impose the special instructions or "special conditions" on Fogle's confinement. Fogle also appeals, arguing that the State's petition should have been dismissed. The judgment is affirmed in part and vacated in part. The case is remanded for further proceedings.

### Facts

The State filed a petition pursuant to the Sexually Violent Predator Act ("SVP Act") to commit Michael Fogle to a secure facility for care, control, and treatment. The probate court, after hearing, determined that there was probable cause to proceed.

Fogle moved to dismiss the petition on the basis that the State failed to follow procedures required by section 632.483 to file a commitment petition. The State's petition relied upon and incorporated Dr. David Suire's report that Fogle has a mental abnormality and is more likely than not to commit sexually violent offenses in the future. In his motion to dismiss, Fogle noted that Dr. Suire did not hold a Missouri-issued license to practice psychology at the time he prepared Fogle's end-of-confinement report. Fogle claimed that section 632.483 requires the commitment process to be initiated by a finding from a Missouri-licensed psychologist. The court denied the motion to dismiss.

In lieu of a regular trial on the petition, Fogle stipulated to the facts that the State would otherwise be required to prove: that he had pleaded guilty to at least one "sexually violent offense," as that phrase is

defined in section 632.480(4); that he suffers from a "mental abnormality" within the meaning of section 632.480(2); and that as a result of his mental abnormality, he is more likely than not to commit predatory acts of sexual violence if not confined in a secure facility. Fogle, his counsel, and the State's counsel signed the stipulation. In the stipulation the parties specifically agreed that Fogle could reserve the right to appeal the contention related to the fact that Dr. Suire was not a Missouri-licensed psychologist as required by statute.

With Fogle's consent, the probate court held a brief commitment hearing by phone. Prior to the hearing, Fogle submitted a lengthy packet to the court, which he prepared himself, proposing certain conditions of confinement upon his commitment. The court then heard argument from counsel concerning treatment and management. Fogle's counsel complained about treatment options at the Department of Mental Health facility where Fogle would be held, requesting special conditions. The State objected to Fogle's request for special conditions and noted that Fogle failed to present evidence regarding treatment available at the facility. On the second day of the hearing, the judge stated she was inclined to order special conditions but that they "would be subject to challenge in the future." Fogle stated that he understood. Fogle then confirmed under oath that he desired to stipulate that he qualified as a sexually violent predator and to stipulate to his commitment.

The court ordered that the director of the Department of Mental Health include in the care and treatment of Fogle many specific conditions related to Fogle's activities and privilege level.

The State appeals from the special conditions set forth in the judgment. Fogle

appeals the probate court's denial of his motion to dismiss. The two appeals have been consolidated.

## Standard of Review

In a court-tried case, the judgment of the trial court will be affirmed unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "Subject matter jurisdiction is a question of law subject to *de novo* review by this court." *Warlop v. Warlop*, 254 S.W.3d 262, 263 (Mo.App.2008).

## Fogle's Motion to Dismiss the State's Appeal

Fogle has filed a motion to dismiss the State's appeal. He notes that the State is not appealing the commitment order but is, instead, appealing only the special conditions of confinement. Fogle's first argument in favor of dismissal is that because the statute specifically refers to the right to appeal the SVP determination, the State's authority to appeal under the SVP Act must be limited to appealing that determination and does not authorize an appeal of any other aspects of the judgment. His second argument is that the State lacks standing to appeal, because the special conditions are directed to the Department of Mental Health. Because of the overlap of these matters with the issues raised in the State's point on appeal, we will address both aspects of Fogle's motion in conjunction with analyzing the State's point on appeal. First, however, we will examine Fogle's point on appeal.

## Fogle's Claim on Appeal

■ Fogle's claim on appeal is that the trial court erred in allowing the matter to proceed even though the section 632.483 requirements for a psychological evalua-

tion were not followed. The statute requires a finding by a Missouri-licensed psychologist that the person may qualify as a sexually violent predator. Dr. Suire, upon whose opinion the petition relied, was not licensed in Missouri. Fogle urges that the defective petition deprived the probate court of subject matter jurisdiction to proceed with the case.

Fogle is correct that the statute specifies a psychologist licensed by the State of Missouri. But the issue as to the effect of that requirement is now resolved entirely by the recent decision of the Missouri Supreme Court in *State ex rel. State v. Parkinson*, 280 S.W.3d 70 (Mo. banc 2009).

The defendant in *Parkinson* also argued that the court "lacked jurisdiction because the licensed psychologist who authored an initial end-of-confinement report the department sent to the attorney general ... had not yet received his Missouri license at the time he filed the report." *Id.* at 72. *Parkinson* was a writ case in which the attorney general sought extraordinary relief to prevent release of the defendant by the trial court. The psychologist who authored the report in *Parkinson* is the same psychologist who authored the report in this case: Dr. Suire.

In making its writ of prohibition permanent, the Supreme Court found that any error of allowing Dr. Suire to author the report when he was not a psychologist licensed in Missouri did not affect subject matter jurisdiction and also was not prejudicial error. *Id.* at 77. It noted that section 632.483 provides that the "agency with jurisdiction" (here the Department of Corrections) shall give written notice to the attorney general and a multidisciplinary team established pursuant to section 632.483.4 that a person in the agency's custody "may meet the criteria of a sexually violent predator." *Parkinson*, 280 S.W.3d at 72. Pursuant to section

632.483.4, the multidisciplinary team reviews available records about the offender, including the psychologist's evaluation, to assess whether it believes the person meets the definition of a sexually violent predator and to notify the attorney general of its assessment.

Then section 632.483.5 requires a five-member prosecutors' review committee to review the referred person's records. The multidisciplinary team's assessment shall be made available to the prosecutors' review committee, which then "shall make a determination of whether or not the person meets the definition of a sexually violent predator."

Section 632.486 provides that if it appears to the attorney general "that the person presently confined may be a sexually violent predator and the prosecutor's review committee ... has determined by a majority vote, that the person meets the definition of a sexually violent predator, the attorney general may file a petition ... alleging that the person is a sexually violent predator and stating sufficient facts to support such allegation."

Under section 632.489, upon the filing of the petition "the judge shall determine whether probable cause exists to believe that the person named in the petition is a sexually violent predator." If the court finds in the affirmative, the court shall direct that the person be sent to a secure facility for an evaluation by a psychologist or psychiatrist as to whether the person is a sexually violent predator, before the trial is conducted.

The *Parkinson* Court held that the court has personal jurisdiction over the defendant and subject matter jurisdiction to determine sexually violent predator proceedings. 280 S.W.3d at 75. The issue was not an issue of subject matter jurisdiction, but an issue of legal error. The *Parkinson* Court held that because the report in question was merely one of many items to be considered by the attorney general and the multidisciplinary committee, it was not a prerequisite to subject matter jurisdiction. *Id.* at 76. It also is possible to waive objection to the Missouri-licensing requirement. And even if the objection is preserved, as here, the issue of prejudice must be addressed. *Id.* at 77.

The defendant in *Parkinson* did not suggest "that Dr. Suire was not otherwise qualified to render an opinion, and indeed he was licensed in Texas at the time of his report." *Id.* The Court thus also found that there was no issue of prejudice. *Id.*

The analysis in *Parkinson* is applicable here. Although there was not a waiver of objection as to Dr. Suire's lack of a Missouri license, there was no suggestion by Fogle that Dr. Suire is otherwise unqualified to render an opinion. Also, Dr. Suire's report was supplanted by subsequent evaluations. Finally, Fogle stipulated that he suffers from a mental abnormality that makes it more likely than not that he will commit sexually predatory acts unless confined. Accordingly, Fogle has not demonstrated that he was prejudiced by the error. For these reasons, we deny Fogle's claim on appeal.

### The State's Claim on Appeal and Fogle's Motion

We now turn simultaneously to both Fogle's motion to dismiss the appeal and to the State's point on appeal. Fogle contends that the State has neither authority nor standing to appeal the judgment finding him to be a sexually violent predator and prescribing conditions of treatment. The State contends that it is entitled to appeal because the trial court lacked authority to impose the special conditions.

 "The right to appeal is purely statutory." *Barlow v. State*, 114 S.W.3d

328, 331 (Mo.App.2003). "Where no statute grants the right to appeal, no such right exists." *Id.* Missouri has a general appellate statute, section 512.020, which provides in relevant part:

Any party to a suit aggrieved ,by any judgment of any trial court in any civil cause from which an appeal is not prohibited by the constitution, nor clearly limited in special statutory proceedings, may take his or her appeal to a court having appellate jurisdiction[.]

Section 632.495, which is part of the SVP Act, states in relevant part:

1. The court or jury shall determine whether, by clear and convincing evidence, the person is a sexually violent predator. If such determination that the person is a sexually violent predator is made by a jury, such determination shall be by unanimous verdict of such jury. Any determination as to whether a person is a sexually violent predator may be appealed.

*In re Care and Treatment of Salcedo,* 34 S.W.3d 862 (Mo.App.2001), held that the SVP Act was a "special statutory proceeding" under section 512.020. *Barlow,* 114 S.W.3d at 331. "*Salcedo* then noted the absence of any right to appeal except the one granted in section 632.495 . . . ." *Id.* "The court found that 'the General Assembly—when it created the special statutory proceeding in the [SVP Act]—clearly intended to limit appeals to one specific instance, *viz:* a determination under section 632.495 that a person is a sexually violent offender.'" *Id.* (*quoting Salcedo,* 34 S.W.3d at 868). Thus, *Salcedo* determined that a right of appeal was granted only to the offender determined to be an SVP, but not to the State.

In *Barlow,* 114 S.W.3d at 331, the court noted that "after *Salcedo,* the legislature quickly changed section 632.495." The last sentence of subsection one was changed

from: "Such determination may be appealed" to "Any determination as to *whether a person is a sexually violent predator* may be appealed." *Id.* (emphasis added). "The limiting language, which the *Salcedo* court interpreted to limit the right of appeal, has been eliminated." *Id.* The *Barlow* court found "no reason why the current version of section 632.495 should be interpreted to limit the right to appeal from all proceedings" under the SVP Act. *Id.* at 332. It further stated:

We cannot say that the express grant of a general right to appeal in one circumstance of the SVP Act will exclude all appeals from other decisions made under the SVP Act. The right to appeal must be "clearly limited" in a special statutory proceeding for section 512.020 to not apply. In any event, a jurisdictional ruling must be subject to appeal even if not specified by statute, for otherwise there would be no review of a court's jurisdiction.

*Id.*

Fogle acknowledges *Barlow's* holding concerning the ability to appeal under the SVP Act. Nonetheless, he contends that appeal is limited to a determination as to whether a person is a sexually violent predator, citing the revised language in section 632.295. Fogle also contends that *Barlow* dealt with jurisdiction to determine whether to proceed with a sexually violent predator proceeding, which ultimately pertains to a determination of whether a person is a sexually violent predator. In contrast, he says the State's argument deals with the trial judge's jurisdiction to impose special conditions, which does not ultimately pertain to a determination of whether a person is a sexually violent predator.

The *Barlow* court's recognition that the right of appeal cannot be restricted unless it is "clearly limited" is significant here.

Fogle's arguments are unpersuasive. We believe the General Assembly's revision of the previous language shows a desire to eliminate the notion that only the SVP determination itself was appealable. *Id.* The revised version of section 632.495 "is permissive" and not "restrictive." *Id.* at 331–32. The right of appeal was not "clearly limited." *Id.* at 332. Accordingly, if a court adjudicated a person to be an SVP, but decided, *ex gratia,* to allow the SVP offender a ninety-day furlough before beginning formal custody, that portion of the judgment granting the proposed furlough should be appealable. We believe that the General Assembly did not intend to preclude such appeals. Thus, we conclude that the judgment is appealable under section 512.020(5) as a final judgment.

Fogle's second argument for dismissal (which tends to overlap somewhat with the first) is that the State is not a proper party to appeal because it does not have standing. He states that if there is an issue as to authority to impose the special conditions, it is the Department of Mental Health that should seek legal recourse (not the Attorney General). This is because, according to Fogle, it is the Department and not the Attorney General that is harmed, if any entity is harmed, by the imposition of the special conditions. Fogle notes that the Department is not permitted to be a party to the commitment proceeding. Fogle also points out that, in certain situations, the State (through the Attorney General) may act contrary to the interests of the Department. He suggests that the appropriate legal recourse is for the Department to seek a writ of prohibition against the trial judge seeking the elimination of the special conditions from the judgment.

Section 27.060 states:

The attorney general shall institute, in the name and on the behalf of the state, all civil suits and other proceedings at law or in equity requisite or necessary to protect the rights and interests of the state, and enforce any and all rights, interests or claims against any and all persons, firms or corporations in whatever court or jurisdiction such action may be necessary; and he may also appear and interplead, answer or defend, in any proceeding or tribunal in which *the state's interests* are involved. (Emphasis added.)

The Attorney General is authorized to represent the interests of the State generally. *State of Missouri v. Homesteaders Life Ass'n,* 90 F.2d 543, 545 (8th Cir.1937). If it is in the interest of the State for the Attorney General to be able to challenge the special conditions of the SVP judgment, the Attorney General should be regarded as having standing to argue as to the court's authority and standing to suggest that the court must add a necessary party. Here, an issue the Attorney General seeks to raise relates to the proper interpretation of the statute as it relates to the authority of the court.

The Attorney General is, of course, generally authorized to seek enforcement of the General Assembly's statutory purposes. Here, the Attorney General has a readily cognizable interest in challenging the court's authority to order the special conditions. We conclude that the Attorney General has standing.

But although we believe the Attorney General has standing to appeal, we also believe at the same time that Fogle makes a good point about the Department of Mental Health's essential interest in any special conditions. The Department is vitally interested in, and affected by, a commitment judgment that is out of the ordinary.

The statutory scheme provides for the Department to manage the care, custody, and treatment of the SVP. The Department has operating regulations concerning its internal management. Section 630.050. Section 632.055 commits to the division of comprehensive psychiatric services within the Department to "provide or arrange for the provision of services in the least restrictive environment to mentally disordered and mentally ill persons based upon their diagnoses and individualized treatment plans on a continuum of services." Patient rights are statutorily enumerated and protected. *See* section 630.110. The General Assembly, subject to the foregoing, generally leaves the balance of the treatment program and related aspects to the Department.

We acknowledge at the same time that there are certain roles for the court beyond the adjudication of SVP status. *See, e.g.*, sections 630.625 (providing for notice to be given to the court of the intent to move a person committed under Chapter 632 into a "placement" (apparently an out-placement program)[1] and giving the court ten days to object); 632.370.1 (providing for notice to be given to the court of the intent to transfer an involuntary patient). Section 632.505 also prescribes a role for the court in conditional release determinations.

The State's point on appeal presents the issue of the limits of the court's authority in the circumstance of this case. The trial court, the State argues, is entirely lacking in authority to prescribe special conditions of treatment. Before addressing that is-sue, however, we must first acknowledge and deal with the procedural defect.

■ Pursuant to Rule 52.04, "[a] person shall be joined [to a proceeding] if there cannot be complete relief for those already parties in his absence or if his interests are necessarily affected by the outcome." *Simpson v. Shelker*, 747 S.W.2d 259, 259 (Mo.App.1988). "A necessary person is one who is so vitally interested in the subject matter of controversy that a valid judgment cannot be effectively rendered without the party's presence." *Jackson v. City of Cassville*, 234 S.W.3d 627 (Mo.App. 2007).

■ Here, we fail to see how the court could enforce its purported special conditions as to the Department of Mental Health when the Director of the Department was not a party to the proceeding. Rule 52.06 provides that parties may be added by order of the court "at any stage of the action and on such terms as are just." It is proper to add necessary parties rather than dismiss an action (or an appeal) for the lack thereof. *See Kingsley v. Burack*, 536 S.W.2d 7, 13 (Mo. banc 1976).

■ Although the Department was not permitted (by statute) to be joined as a party to *the SVP determination*, the Director of the Department should be able to participate as a party as to any ruling purporting to impose special conditions of treatment or custody on the Department. The SVP Act already recognizes that the Department should have a say in release proceedings. Section 632.498, which governs the matter of conditional release, pro-

---

1. Section 630.605 provides that "[t]he department shall establish a placement program," which "may utilize residential facilities, day programs and specialized services." Section 630.610.1 provides that the facility head may determine "that placement out of the facility would be appropriate for any patient or resi-dent." If so, "then the patient or resident shall be considered as discharged as a patient or resident of the facility and reclassified as a client of the department." Section 630.620 provides that the department may place any qualified patient or resident in a licensed facility or program or in the client's home.

vides for any petition for conditional release to be served upon the Department, as well as the head of the facility housing the SVP, and upon the Attorney General. Section 632.501 similarly provides for service of the petition on, *inter alia,* the Department and the facility head, when the petition is one for full release.

Under Rule 91.04(a), which governs habeas corpus proceedings, the pertinent official of the Department of Corrections is to be made a party to such a proceeding. Similarly, in *Preston v. State,* 33 S.W.3d 574 (Mo.App.2000), the court held that a hearing on a section 552.040 application for release could not be properly conducted in the absence of the person's guardian (who had legal responsibility for the ward under Chapter 475). *Id.* at 580. The guardian was required to be joined as a necessary party. *Id.* Accordingly, it makes sense that the Department of Mental Health should be a party to any proceeding after SVP adjudication purporting to relate to treatment or management of the custody of the SVP and involving special conditions.

Because the Department is a necessary party, we must reverse the pertinent portion of the judgment and remand for joinder of the Director of the Department. *See, e.g., Mo. Nat'l Educ. Ass'n v. Mo. State Bd. of Educ.,* 34 S.W.3d 266, 287 (Mo.App.2000) (reversing part of the judgment and remanding for joinder of school districts affected by the judgment).

We need not at this time resolve the State's point on appeal, which asserts that the special conditions usurped the statutory and constitutional authority of the Department. We also need not determine whether the imposition of the prescribed conditions was supported by substantial evidence. The proper procedure, rather than to attempt to address the issue without the participation of the Department of Mental Health, and rather than attempting to join the Department of Mental Health at this level, would be to vacate the pertinent portion of the judgment and to remand for joinder of the Department and further proceedings after joinder.

A remand will allow the trial court the benefit of the participation of the Department in the trial court's determination concerning the extent to which special conditions are appropriate as well as the extent to which the trial court is legally authorized to impose such conditions. We vacate the court's special conditions in this case. We will remand the matter to the trial court for further proceedings in this regard after joinder of the Director of the Department.

## Conclusion

For the foregoing reasons, we deny Fogle's motion to dismiss the State's appeal. That portion of the judgment determining Fogle to be an SVP and committing him to the Department of Mental Health is affirmed. That portion of the judgment purporting to prescribe the special conditions of his management and treatment is vacated. The case is remanded for further proceedings.

All concur.