# IN THE SUPREME COURT OF IOWA

No. 69 / 05-0077

Filed October 27, 2006

**IN RE THE DETENTION OF JERRY ALTMAN**,

**JERRY ALTMAN,**

>   Appellant.

---

Appeal from the Iowa District Court for Webster County, Kurt L. Wilke (pretrial) and William C. Ostlund (trial), Judges.


Appellant appeals his commitment as a sexually violent predator. **AFFIRMED.**


Mark C. Smith, First Assistant State Public Defender, and Matthew S. Sheeley, Assistant State Public Defender, for appellant.


Thomas J. Miller, Attorney General, and Mary E. Tabor, Thomas H. Miller, and Denise A. Timmins, Assistant Attorneys General, for appellee, State of Iowa.

**TERNUS, Chief Justice.**

The respondent, Jerry Altman, appeals from a judgment finding him to be a sexually violent predator under Iowa Code chapter 229A (2003). He claims the trial court erred in failing to grant his motion for judgment notwithstanding the verdict based on the State's alleged failure to present substantial evidence that Altman's antisocial personality disorder predisposed him to commit sexually violent offenses to a degree that would constitute a menace to the health and safety of others as required by the statute. *See* Iowa Code §§ 229A.2(5), (11), 229A.7(5). Altman also challenges a district court order authorizing the release of his confidential mental health records to the State. We find no basis for reversal in either of the assigned errors, and so we affirm the judgment.

I. *Background Facts and Proceedings.*

The State filed this action to have the respondent declared a sexually violent predator so, if successful, the State could civilly commit Altman under Iowa's sexually violent predator law, Iowa Code chapter 229A. Under that statute, a "sexually violent predator" is defined as

> a person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality *which makes the person likely to engage in predatory acts constituting sexually violent offenses*, if not confined in a secure facility.

*Id.* § 229A.2(11) (emphasis added). A person is "likely to engage in predatory acts of sexual violence" if "the person more likely than not will engage in acts of a sexually violent nature." *Id.* § 229A.2(4). A "mental abnormality" is also defined in the statute:

> "*Mental abnormality*" means a congenital or acquired condition affecting the emotional or volitional capacity of a person and *predisposing that person to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others.*

*Id.* § 229A.2(5) (second emphasis added).

After the State commenced this action, but prior to trial, the State requested that the court order Altman to release the records of his prior mental health hospitalizations to the State. Over the respondent's objection, the court ordered Altman to authorize the release of his records. Altman assigns this ruling as error on appeal.

The State's case proceeded to a jury trial. The record made at trial reveals that Altman was convicted in 1977 for lascivious acts with a seven-year-old girl. He was found with his penis exposed in front of the child, whose pants had been pulled down. His semen was found on the victim. In 2004 he was convicted of assault with intent to commit sexual abuse after he attacked a woman. Altman's semen was found on the victim's panties. Altman also had an extensive history of other criminal acts commencing with a shoplifting charge when he was eleven. As an adult, he has had over forty arrests and multiple convictions, reflecting a life of substance abuse, assaultive behavior, and continual criminality.

At trial, the State's expert, Dr. Harry Hoberman, testified Altman suffered from an antisocial personality disorder that was the primary reason for his criminal sexual behavior, as well as for his other criminal offenses. Dr. Hoberman stated Altman's disorder predisposed him "to be . . . violent toward other people, including to commit sex offenses." It was Dr. Hoberman's opinion that Altman's predisposition to commit sexual offenses was substantial enough to make Altman a risk to others and make it more likely than not that he would reoffend. Dr. Hoberman acknowledged on cross-examination, however, that Altman was "[n]ot more predisposed to commit sexually violent offenses compared to criminal offenses in general." Nonetheless, Dr. Hoberman believed it was more likely than not that Altman would commit another sexual offense.

The respondent called Dr. Craig Rypma as an expert witness. Dr. Rypma agreed that Altman suffered from an antisocial personality disorder. He disagreed, however, that this disorder predisposed the respondent to commit sexually violent acts in particular. Rather, according to Dr. Rypma, Altman had a predisposition for "general recidivism."

The respondent challenged the sufficiency of the State's evidence in motions for directed verdict, arguing the State demonstrated at best that he was predisposed to commit a wide variety of criminal acts. Altman contended the statute requires that a respondent's risk to the community be primarily sexual in nature. The trial court denied the respondent's motions and submitted the case to the jury. The jury found the defendant was a sexually violent predator. The court subsequently denied the respondent's motion for judgment notwithstanding the verdict in which Altman made the same challenge to the evidence asserted in his motions for directed verdict. That ruling is assigned as error on appeal. We address it first.

II. *Motion for Judgment Notwithstanding the Verdict.*

A. *Scope of review.* Our review is for correction of errors at law. *Gibson v. ITT Hartford Ins. Co.*, 621 N.W.2d 388, 391 (Iowa 2001). We evaluate whether substantial evidence exists to support the State's case. *See id.* "Evidence is substantial when a reasonable mind would accept it as adequate to reach a conclusion." *Johnson v. Dodgen*, 451 N.W.2d 168, 171 (Iowa 1990). In making this determination, we view the evidence in the light most favorable to the nonmoving party. *Gibson*, 621 N.W.2d at 391.

B. *Discussion.* As noted above, in order to establish that Altman is a sexually violent predator, the State was required to prove the respondent suffered "from a mental abnormality" that makes him "likely to engage in predatory acts constituting sexually violent offenses, if not confined in a

secure facility." Iowa Code § 229A.2(11). To establish that Altman has a "mental abnormality," the State had to prove that Altman's condition "predispos[es] [him] to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others." *Id.* § 229A.2(5). The respondent claims the State's proof that his condition predisposes him to commit sexually violent offenses was deficient.

Altman acknowledges that an antisocial personality disorder can be a mental disorder that predisposes an individual to commit sexually violent offenses to a degree that constitutes a menace to the health and safety of others. *See In re Det. of Hodges*, 689 N.W.2d 467, 470 (Iowa 2004); *In re Det. of Barnes*, 689 N.W.2d 455, 458 (Iowa 2004). He claims, however, that *his* condition does not predispose *him* to commit sexual offenses to a degree that would constitute a menace to the health and safety of others. He points out that the respondents in *Hodges* and *Barnes* had extensive histories of sexual misconduct. Thus, he concludes, "the pattern of antisocial behavior in these cases was one where sexual offending was the rule rather than the exception." In contrast, he notes, his antisocial behavior manifested itself almost exclusively through crimes that were nonsexual in nature.

Preliminarily, we note that a close examination of *Hodges* and *Barnes* reveals that the extent of the respondents' nonsexual offenses was not discussed in those cases. *See In re Det. of Hodges*, 689 N.W.2d at 468-69 (reviewing respondent's history of sexual offending, but not stating that these were the only type of crimes committed by the respondent); *In re Det. of Barnes*, 689 N.W.2d at 456 (same). So those decisions cannot be read to interpret section 229A.2(5) to require that a respondent's sexual crimes predominate over other types of criminal conduct.

Turning to an examination of the statute, we find no language in section 229A.2(5) that can be interpreted to require a respondent's risk to others be *primarily* sexual in nature. Section 229A.2(5), defining "mental abnormality," merely requires that a respondent's condition "predispos[e] *that person* to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others." Iowa Code § 229A.2(5) (emphasis added). Similarly, a "sexually violent predator" is defined in part as a person who is "likely to engage in predatory acts constituting sexually violent offenses." *Id.* § 229A.2(11). Both the definition of "mental abnormality" and the definition of "sexually violent predator" are focused on the likelihood that the respondent will commit a sexual offense. If a respondent's mental abnormality is such that he is likely to commit future sexually violent crimes, the fact that the particular respondent may be even more likely to commit other types of offenses does not detract from his risk as a sexual predator.

We do not think the due process concern discussed in *Barnes* alters this interpretation of the statute. In *Barnes,* we observed due process requires that the evidence " 'must be sufficient to distinguish the dangerous sexual offender whose serious mental illness, abnormality, or disorder subjects him to civil commitment from the dangerous but typical recidivist convicted in an ordinary criminal case.' " *In re Det. of Barnes,* 689 N.W.2d at 458 (quoting *Kansas v. Crane,* 534 U.S. 407, 413, 122 S. Ct. 867, 870, 151 L. Ed. 2d 856, 862-63 (2002)). The individualized determination required by chapter 229A—that the particular respondent is likely to commit sexually violent offenses in the future—serves to distinguish the dangerous sexual offender from the typical recidivist.

Having determined there is no statutory requirement that the respondent be predisposed to commit primarily sexual offenses, we must

now determine whether the evidence in this record supports a finding that Altman's mental condition predisposes him to commit sexually violent offenses "to a degree which could constitute a menace to the health and safety of others" if he is not confined. Iowa Code § 229A.2(5). Dr. Hoberman testified that Altman's antisocial personality disorder affected the respondent's ability to control his emotions and behavior. The doctor specifically noted that Altman

> has certain thinking styles . . . that also predispose him to sexually offend. . . . Mr. Altman is someone who feels [he] has a sense of entitlement that if he sees someone that he wants to be sexual with, he's going to be sexual with that person. Whether they are consenting or not or of age . . . .

Dr. Hoberman concluded the characteristics of Altman's mental condition make it more likely than not that he will commit sex offenses in the future if not confined in a secure facility. Although Dr. Rypma testified to a contrary conclusion, "[i]t was for the jury to decide which of the experts was more credible . . . and whose opinion . . . the jury would accept." *Mercy Hosp. v. Hansen, Lind & Meyer, P.C.*, 456 N.W.2d 666, 672 (Iowa 1990).

We think Dr. Hoberman's opinion that Altman would likely reoffend sexually in the future was sufficient to distinguish the respondent from the typical criminal recidivist. Consequently, there was substantial evidence to support the jury's finding that the respondent was a sexually violent predator. Therefore, the trial court did not err in denying the respondent's request for judgment notwithstanding the verdict.

III. *Motion to Release Mental Health Records.*

As noted earlier, the respondent challenges the district court's order requiring him to authorize the release of confidential mental health records to the State. He claims this discovery is contrary to the provisions of chapter 229A. *See Bousman v. Iowa Dist. Ct.*, 630 N.W.2d 789, 796 (Iowa

2001) ("[A] court has no discretion to issue a discovery order that lacks factual support or is in contravention of governing constitutional or statutory provisions."). We review this ruling for an abuse of discretion. *See id.*

A brief review of the pertinent statutory provisions is helpful. The chapter 229A process may be commenced when the agency with jurisdiction over a confined person convicted of a sexually violent offense gives written notice to the attorney general and a statutory multidisciplinary team of the anticipated discharge of the person. *See* Iowa Code § 229A.3(1)(*a*). The multidisciplinary team then assesses whether the person meets the definition of a sexually violent predator and forwards its assessment to the attorney general. *See id.* § 229A.3(4). With the assistance of a prosecutor's review committee, the attorney general then determines whether the person meets the definition of a sexually violent predator. *See id.* § 229A.3(5). If the prosecutor's review committee determines the person meets the definition of a sexually violent predator, the attorney general may file a petition under chapter 229A. *Id.* § 229A.4(1).

With this background, we turn to the statutory discovery provisions. After receiving notice of a person's anticipated discharge and before filing a petition, the prosecuting attorney or attorney general may require "the production of documentary evidence." *Id.* § 229A.5A(1). Section 229A.5A(1) states "the prosecuting attorney or attorney general shall have the same powers and limitations . . . as provided by this chapter and by the Iowa rules of civil procedure." *Id.* Section 229A.14 addresses the release of otherwise confidential information:

> Notwithstanding any provision in the Code regarding confidentiality to the contrary, any relevant information and records which would otherwise be confidential or privileged, except information subject to attorney-client privilege and

> attorney work product, shall be released to the agency with jurisdiction or the attorney general *for the purpose of meeting the notice requirement provided in section 229A.3 and determining whether a person is or continues to be a sexually violent predator.*

*Id.* § 229A.14 (emphasis added).

There is no dispute here that the records sought by the State are relevant. The dispute centers on whether the records are sought "for the purpose of meeting the notice requirement provided in section 229A.3 *and* determining whether a person is or continues to be a sexually violent predator." *Id.* (emphasis added). The respondent argues confidential records may be obtained only to satisfy both purposes simultaneously. From this premise, he concludes discovery of confidential materials is reserved for the time period *preceding* the filing of a chapter 229A petition because only then would the records be needed to meet "the notice requirement" of section 229A.3. *See id.*

We reject this interpretation of section 229A.14. It rests on the conclusion that the legislature used the word "and" in a conjunctive sense. But that conclusion is not automatic.

> "It is a well-known rule of statutory construction that the courts will construe disjunctive words as conjunctive, and vice versa, and will disregard technical rules of grammar and punctuation, when necessary to arrive at the intent of the legislative body."

*Green v. City of Mt. Pleasant*, 256 Iowa 1184, 1212, 131 N.W.2d 5, 23 (1964) (quoting *State ex rel. Winterfield v. Hardin County Coop.*, 226 Iowa 896, 916, 285 N.W. 219, 229 (1939)); *see Ahrweiler v. Bd. of Supervisors*, 226 Iowa 229, 235, 283 N.W. 889, 891 (1939) (stating that "in construing statutes the word *and* may be interpreted as a disjunctive and . . . the words *and* and *or* are convertible, as the sense may require when necessary to effectuate the

intent of the legislature"). Consequently, we must examine the legislature's intent to determine whether "and" is used as a conjunctive or disjunctive.

We think it significant that section 229A.14 does not expressly state the discovery permitted by that statute is limited to the pre-petition period. Moreover, the attorney general is allowed access to otherwise confidential records "[n]otwithstanding any provision in the Code regarding confidentiality to the contrary." Iowa Code § 229A.14. The breadth of this provision indicates the importance the legislature attached to ensuring the availability of accurate and complete information regarding a respondent's medical and psychiatric history. We can think of no legislative purpose served by allowing the use of the respondent's confidential mental health records to make the preliminary assessment of whether the respondent meets the definition of sexually violent predator, but not allowing these highly relevant records to be used in the actual court proceeding at which the jury determines whether the respondent is, in fact, a sexually violent predator. In addition, the phrase at the end of the statute—"or *continues* to be a sexually violent predator"—suggests that confidential records may be used during annual reviews and petitions for discharge. *See id.* § 229A.14 (emphasis added); *see also id.* §§ 229A.8 (providing for annual reviews to determine whether the respondent continues to meet the definition of sexually violent predator), 229A.10 (allowing director of human services to file a petition for discharge, which can lead to a hearing on whether the respondent continues to meet the definition of sexually violent predator).

We conclude it is most consistent with legislative intent to interpret the word "and" as used in section 229A.14 to be disjunctive. Thus, section 229A.14 allows the discovery of confidential or privileged records for the purpose of "meeting the notice requirement" and, in addition, allows the discovery of confidential or privileged records for the purpose of

"determining whether a person is or continues to be a sexually violent predator." Therefore, the attorney general may obtain the respondent's confidential mental health records after a chapter 229A petition has been filed. Consequently, the district court did not abuse its discretion in ordering the respondent to authorize the release of his mental health hospitalization records for review by the State's expert.

IV. *Conclusion.*

Substantial evidence supports the jury's finding that the respondent is a sexually violent predator. We reject Altman's contention that, before he may be committed under chapter 229A, the State must prove his *greatest* risk to the public is the likelihood of future sexual offenses. The State need only establish that more likely than not the respondent will commit additional sexually violent offenses. The fact that it is likely he will also commit other crimes does not detract from his risk as a sexual predator.

The trial court did not abuse its discretion in ordering the release of the respondent's mental health records. This discovery is authorized by section 229A.14, which allows the attorney general to obtain otherwise confidential or privileged information to assist in the determination of whether a respondent "is or continues to be a sexually violent predator."

Finding no basis for reversal, we affirm.

**AFFIRMED.**

All justices concur except Hecht, J., who takes no part.