**IN THE COURT OF APPEALS OF IOWA**

No. 13-0114
Filed March 12, 2014

**IN RE THE DETENTION OF**
**ARTHUR JAMES TRIPLETT JR.**
      Applicant-Appellant.

_____

      Appeal from the Iowa District Court for Decatur County, Terry R. Rickers,

Judge.


      Triplett appeals from judgment entry and order committing him to the

custody of the Director of the Department of Human Services as a sexually

violent predator.  **AFFIRMED.**



      Samuel P. Langholz, State Public Defender, and Thomas J. Gauland and

Jason Alan Dunn, Assistant Public Defenders, Special Defense Unit, Des

Moines, for appellant.

      Thomas J. Miller, Attorney General, and John McCormally, Assistant

Attorney General, for appellee.


      Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**MCDONALD, J.**

Arthur James Triplett, Jr., appeals from a judgment and order issued pursuant to Iowa Code chapter 229A committing him to the custody of the Director of Department of Human Services for ongoing therapy and treatment as a sexually violent predator. On appeal, Triplett contends that the jury's verdict and subsequent judgment is not supported by sufficient evidence.

We review a challenge to the sufficiency of the evidence for the correction of errors at law. *See In re Det. of Betsworth*, 711 N.W.2d 280, 286 (Iowa 2006). "If there is substantial evidence upon which a rational trier of fact could find the respondent to be a sexually violent predator beyond a reasonable doubt, we are bound by the jury's finding." *Id.* To determine whether there is substantial evidence, "we consider the entirety of the evidence presented in a light most favorable to the State, including all legitimate inferences and presumptions which may be fairly and reasonably deduced from the record." *Id.* (citation and internal quotation marks omitted).

Triplett was committed as a sexually violent predator pursuant to chapter 229A on September 25, 2005. The code defines a "sexually violent predator" as "a person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." Iowa Code § 229A.2(11) (2011). A person committed under chapter 229A has the right to an annual review and, if warranted, a hearing on the status of the commitment. *See id.* § 229A.8(1)-(3). At any final hearing on

the question of continued commitment, the committed person "is entitled to the benefit of all constitutional protections that were afforded the person at the original commitment proceeding." *Id.* § 229A.8(6)(a). In addition, the committed person shall be entitled to a jury trial. *See id.* Although the commitment proceeding is a civil proceeding governed by the rules of civil procedure, to continue the commitment, the State must prove beyond a reasonable doubt either: (1) "The committed person's mental abnormality remains such that the person is likely to engage in predatory acts that constitute sexually violent offenses if discharged;" or (2) "The committed person is not suitable for placement in a transitional release program . . . ." *Id.* § 229A.8(6)(d)(1) and (2).

On December 12, 2012, the district court convened a jury for the final hearing regarding Triplett's commitment. At trial, the State called Dr. Tracy Thomas, a psychologist at the Civil Commitment Unit for Sex Offenders (hereinafter "CCUSO") in Cherokee, Iowa, to testify regarding the State's evaluation of Triplett. She opined to a reasonable degree of professional certainty that Triplett continues to have a mental abnormality that makes him likely to engage in acts that constitute sexually violent offenses. She based her opinion on the following: prior and current diagnoses that Triplett is a pedophile; prior and current diagnoses that Triplett suffers from a constellation of other personality disorders, including antisocial personality disorder; a report prepared by her predecessor at CCUSO; Triplett's denial of his mental abnormalities and failure to meaningfully treat for the same; and other actuarial risk factors. Triplett testified on his own behalf and denied that he ever sexually abused anyone.

Triplett also called as witnesses Drs. Craig Rypma and Luis Rosell, who opined that Triplett did not suffer from a mental abnormality and was not likely to reoffend. The jury returned its verdict on December 14, finding that Triplett remained a sexually violent predator. The district court entered judgment accordingly.

Triplett's primary contention on appeal is that Dr. Thomas's opinion should not have been credited over his experts' opinions. He contends that Dr. Thomas does not have significant experience. He also contends Dr. Thomas did not conduct a meaningful independent examination of Triplett but instead relied on her predecessor's report. In contrast, he contends his experts had greater experience and their opinions were better supported by the facts. The weight to be given to the evidence was for the fact finder to determine. *See In re Det. of Pierce*, 748 N.W.2d 509, 514 (Iowa 2008). "It is not the court's function here to determine the correctness of either the theory or testimony between experts." *In re Det. of Sanders*, No. 11-0202, 2012 WL 836827, at *3 (Iowa Ct. App. Mar. 14, 2012) (citing *Martin v. Bankers' Life Co.*, 250 N.W. 220, 223 (Iowa 1933)). Although Triplett's experts testified contrary to the State's expert, "[i]t was for the jury to decide which of the experts was more credible . . . and whose opinion . . . the jury would accept." *In re Det. of Altman*, 723 N.W.2d 181, 185 (Iowa 2006) (alteration in original) (citation omitted).

After reviewing the record, viewing the evidence in the light most favorable to the jury's verdict, we conclude substantial evidence supports the jury's verdict. *See Altman*, 723 N.W.2d at 186 ("We think [the State's expert's] opinion that

[defendant] would likely reoffend sexually in the future was sufficient . . . . Consequently, there was substantial evidence to support the jury's finding that the [defendant] was a sexually violent predator."); *see, e.g., In re Det. of Elliot*, No. 12-0557, 2013 WL 979096, at *1 (Iowa Ct. App. Mar. 13, 2013) (finding State's expert's testimony provided sufficient evidence that defendant was a sexually violent predator despite contrary expert opinion); *In re Det. of Anderson*, No. 11-1172, 2012 WL 6193960, at *1 (Iowa Ct. App. Dec. 12, 2012) (same); *In re Det. of Stevenson*, No. 11-1299, 2012 WL 3196122, at *2 (Iowa Ct. App. Aug. 8, 2012) (same); *Sanders*, 2012 WL 836827, at *3 (finding State's expert's testimony provided substantial evidence that defendant was a sexually violent predator so as to defeat defendant's motion for directed verdict); *In re Det. of Curtiss*, No. 08-1299, 2009 WL 2514074, at *2 (Iowa Ct. App. Aug. 19, 2009) (finding State's expert's testimony that defendant suffered from pedophilia and antisocial personality disorder provided "substantial evidence" to show that defendant was a sexually violent predator).

Accordingly, pursuant to Iowa Court Rule 21.26(1)(b), the judgment of the district court is affirmed.

**AFFIRMED.**