# IN THE COURT OF APPEALS OF IOWA

No. 15-0208
Filed February 10, 2016

**IN RE THE DETENTION OF**
**BRUCE BAKER,**

**BRUCE BAKER,**
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Bradley J.

Harris, Judge.

        Bruce Baker appeals the district court's order of commitment following a

jury verdict finding him to be a sexually violent predator.  **AFFIRMED.**

        Thomas J. Gaul, Assistant Public Defender, Special Defense Unit, for

appellant.

        Thomas J. Miller, Attorney General, and Kevin Cmelik and Tyler J. Buller,

Assistant Attorneys General, for appellee State.

        Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**DOYLE, Judge.**

Bruce Baker appeals the order of commitment entered by the district court following a jury verdict finding him to be a sexually violent predator, as defined by Iowa Code section 229A.2(11) (2013). Asserting there was insufficient evidence to prove he met the definition of a sexually violent predator, Baker argues the district court erred in denying his motion for a directed verdict. We affirm.

### I.  Background Facts and Proceedings.

In 1985, Baker pled guilty to burglary for breaking and entering a residence, then strangling and raping a fifteen-year-old girl. In 1992, Baker pled guilty to second-degree kidnapping and second-degree sexual abuse, arising out of an attack on a prostitute. Before he was due to be released from the Anamosa State Penitentiary in July 2014, the State filed a petition seeking to have Baker committed as a sexually violent predator under Iowa Code chapter 229A.

The case proceeded to a jury trial in January 2015. Baker testified at trial and admitted to his prior offenses. The State offered the opinions of Dr. Amy Phenix, a clinical psychologist, in support of its case, while Baker countered with the opinions of Dr. Richard Wollert, a clinical and forensic psychologist, in his defense.

After the State rested, and again at the end of the trial, Baker made motions for a directed verdict.[1] He asserted the State had failed to meet its

---

[1] Although Baker's attorney stated at the close of the State's evidence, "I would make a motion, however the court wants to call it, a directed verdict, a verdict of [Baker] is not a sexually violent predator, for summary judgment; however the court wants to quote it," and at the end of trial, "I would now renew my request for a summary

burden of proving beyond a reasonable doubt that he fit the criteria of a sexually violent predator. Baker acknowledged the State proved that he had been convicted of a sexually violent offense, but asserted the State failed to prove beyond a reasonable doubt that he suffers from a mental abnormality which makes him more likely than not to commit sexually violent offenses if not confined in a secure facility. The district court denied the motions and submitted the case to the jury, which found Baker to be a sexually violent predator. The district court committed Baker "to the custody of the Director of the Department of Human Services for control, care, and treatment until such time as his mental abnormality has so changed that he is safe to be placed in a transitional release program or discharged."

Baker appeals, again asserting there was insufficient evidence that he suffers from a mental abnormality or that he is likely to reoffend. He asserts the testimony from the defense expert established that he had no diagnosis that fit the definition of mental abnormality under Iowa law and that he was not likely to reoffend if not confined in a secure facility.

## II. Scope and Standards of Review.

We review a district court's decision on a motion for a directed verdict for correction of errors at law. *In re Det. of Hennings*, 744 N.W.2d 333, 336 (Iowa 2008). We view the evidence in the light most favorable to the opposing party and will find the evidence substantial if a jury could reasonably infer a fact from

---

judgment, directed verdict, judgment of acquittal; however the court deems fit to phrase it." We construe the motion to be a motion for directed verdict. *Kagin's Numismatic Auctions, Inc. v. Criswell*, 284 N.W.2d 224, 226 (Iowa 1979) (stating Iowa courts "look to the substance of a motion and not to its name").

the evidence. *See id.* at 340. Furthermore, we affirm when the jury's verdict is supported by substantial evidence. *See In re Det. of Altman*, 723 N.W.2d 181, 186 (Iowa 2006).

### III. Analysis.

A "sexually violent predator" is defined as "a person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." Iowa Code § 229A.2(11). A person is "likely to engage in predatory acts of sexual violence" if "the person more likely than not will engage in acts of a sexually violent nature." *Id.* § 229A.2(4).

This case essentially boils down to a battle of the experts. The State's expert, Dr. Phenix, testified Baker had four mental abnormalities: sexual sadism disorder, alcohol abuse disorder, marijuana abuse disorder, and other specified personality disorder with antisocial traits. Dr. Phenix found that Baker's sexual sadism and personality disorders predisposed Baker to commit future sex offenses like the ones he committed in the past. She opined Baker's mental abnormalities make him more likely than not to commit future sex offenses if he is not confined to a secure facility. In our review of the evidence, this is not one of the "obvious cases" where the district court should have disposed of this case via Baker's motion at the close of the State's evidence. The State presented evidence that Baker had been convicted of two sexually violent offenses, suffered from a mental abnormality, and the abnormality made Baker likely to

engage in predatory acts constituting sexually violent offenses if not confined. *See id.* § 229A.2(4), (11).

On the other hand, Baker offered the opinions of Dr. Richard Wollert. Dr. Wollert did not believe Baker fit the definition of an Iowa sexually violent predator or that Baker was more likely than not to recommit a sexual offense if not confined. Dr. Wollert opined Baker "does not have a mental abnormality so he does not meet that criteria, and he is not more likely than not to commit sexually violent and predatory offense as a result of the mental abnormality, so he does not meet that criterion either." In Dr. Woller's opinion, Baker "meets neither criterion [under section 229A.2(4) and (11)]."

Clearly, the opposing camps of experts held conflicting opinions. It is not the court's function here to determine the correctness of either the theory or testimony between experts. *See Martin v. Bankers' Life Co.*, 250 N.W. 220, 223 (Iowa 1933). In ruling upon a motion for directed verdict, "[t]he function of the court is to decide whether the evidence is sufficient to make a case for the jury." *Id.* Furthermore, the credibility of witnesses is for the jury: "The jury is free to believe or disbelieve any testimony as it chooses and to give weight to the evidence as in its judgment such evidence should receive." *State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993); *see also State v. Jacobs*, 607 N.W.2d 679, 685 (Iowa 2000) ("When conflicting psychiatric testimony is presented to the fact finder, the issue . . . is clearly for the fact finder to decide. The trier of fact is not obligated to accept opinion evidence, even from experts, as conclusive. When a case evolves into a battle of the experts, . . . the reviewing court . . . readily defer[s] to the [fact finder's] judgment as [they are] in a better position to weigh

the credibility of the witnesses." (Internal citations omitted.)). Moreover we must view the evidence in the light most favorable to the party opposing the motion. Iowa R. App. P. 6.904(3)(b).

Based upon the evidence at trial, including Dr. Phenix's testimony that Baker's mental abnormalities predisposed Baker to commit further acts of sexual violence and that he was more likely than not to commit another sexually violent act, as well as Baker's two convictions for sexually violent offenses, we find there was sufficient evidence presented from which a reasonable jury could conclude Baker is a sexually violent predator. While Baker's expert, Dr. Wollert, offered opinions contrary to Dr. Phenix, it was up to the jury to decide which expert was more credible and whose opinion to accept. *See Altman*, 723 N.W.2d at 185.

We find no error in the district court's denial of Baker's motions for directed verdict and accordingly affirm the court's order of commitment.

**AFFIRMED.**