# IN THE COURT OF APPEALS OF IOWA

No. 18-0854
Filed August 21, 2019

IN RE THE DETENTION OF ANDREW HENRY MARTIN,

**ANDREW HENRY MARTIN,**
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, DeDra L. Schroeder, Judge.


Andrew Martin appeals a district court order adjudicating him a sexually violent predator and committing him to the custody of the department of human services for control. **AFFIRMED.**


Jill Eimermann of State Public Defender's Office, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee State.


Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Andrew Martin appeals a district court order adjudicating him a sexually violent predator (SVP) and committing him to the custody of the department of human services for control. He contends (A) he was not convicted of a sexually violent offense and (B) he did not commit a recent overt act, both predicates for the adjudication.

**I.    *Background Facts and Proceedings***

In 2012, Martin pled guilty to sexual exploitation of a minor based on possession of child pornography. *See* Iowa Code § 728.12(3) (2011). The district court sentenced him to a prison term not exceeding two years, suspended the term, and placed him on probation. The court also imposed a special sentence requiring supervision as if under parole for a period of ten years. *See id.* § 903B.2. His special sentence parole began in March 2014.

In early 2015, an administrative parole judge revoked Martin's special parole based on events in late December 2014. Twenty-one months later, the State filed a petition to have Martin declared an SVP under Iowa Code chapter 229A (2016). The State alleged Martin "suffer[ed] from at least one mental abnormality" that "predispos[ed] him to commit sexually violent offenses to a degree constituting a menace to the health and safety of others." The State further alleged Martin was "presently confined . . . for a sexually violent offense" and had committed a "recent overt act."

The district court found probable cause to believe Martin was an SVP. The court later denied his two motions to dismiss the proceedings. Following a bench

trial, the court adjudicated Martin an SVP and ordered civil commitment. Martin appealed.

## II. Discussion

A "sexually violent predator" is defined as "a person who has been convicted of or charged with a sexually violent offense and who suffers from a mental abnormality which makes the person likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility." *Id.* § 229A.2(12). A "mental abnormality" is "a congenital or acquired condition affecting the emotional or volitional capacity of a person and predisposing that person to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others." *Id.* § 229A.2(6). A person is "likely to engage in predatory acts of sexual violence" if "the person more likely than not will engage in acts of a sexually violent nature." *Id.* § 229A.2(5). In assessing this factor, the statute makes a distinction between persons who are confined and "not confined." *Id.*; *see also id.* § 229A.4 (providing certain criteria to begin proceedings to commit "a person presently confined" and separate criteria to begin proceedings to commit "a person who has committed a recent overt act"); *In re Det. of Wygle*, 910 N.W.2d 599, 608 (Iowa 2018) ("Section 4 provides a two-track approach to SVP commitment."). Specifically, "[i]f a person is not confined at the time that a petition is filed, a person is 'likely to engage in predatory acts of sexual violence' only if the person commits a recent overt act." Iowa Code § 229A.2(5).

After trial, the State filed a supplemental brief withdrawing "its reliance on" the "presently confined" option for commitment. The State sought a decision only under the "recent overt act" track. *See Wygle*, 910 N.W.2d at 619 ("[W]e conclude

that a person who has completely discharged the sentence for the underlying sexual crime and is serving a special sentence under Iowa Code chapter 903B is not 'presently confined' for the purposes of Iowa Code section 229A.4(1).").[1] Under that track, the State may "file a petition alleging that a person is [an SVP] and stating sufficient facts to support such an allegation, if it appears that a person . . . committed a recent overt act" and "was convicted of a sexually violent offense and has been discharged after the completion of the sentence imposed for the offense."[2]  *See* Iowa Code § 229A.4(2)(a).

> *A.*      *Sexually Violent Offense*

Iowa Code section 229A.2(11) lists several crimes that are automatically deemed "sexually violent offenses."  *See id.* § 229A.2(11)(a)–(f).  The statute also contains a catch-all provision defining a "sexually violent offense" as "[a]ny act which, either at the time of sentencing for the offense or subsequently during civil commitment proceedings pursuant to [chapter 229A], has been determined beyond a reasonable doubt to have been sexually motivated."  *Id.* § 229A.2(11)(g).  Under this provision, "'[s]exually motivated' means that one of the purposes for commission of a crime is the purpose of sexual gratification of the perpetrator of the crime."  *Id.* § 229A.2(10).

---

[1] Chapter 229A was amended effective July 1, 2019 to add the following subsection:
> "Presently confined" means incarceration or detention in a correctional facility, a rehabilitation camp, a residential facility, a county jail, a halfway house, or any other comparable facility, including but not limited to placement at such a facility as a condition of probation, parole, or special sentence following conviction for a sexually violent offense.

2019 Iowa Acts Ch. 17, § 1.

[2] The provision was amended effective July 1, 2019.  The amended provision deletes "has been discharged after the completion of the sentence imposed for the offense" and substitutes "is no longer presently confined for that offense."  2019 Iowa Acts Ch. 17, § 4.

The offense to which Martin pled guilty—sexual exploitation of a minor based on possession of child pornography—was not an enumerated sexually violent offense.[3] Accordingly, the crime had to fall within the catch-all provision to trigger chapter 229A.

Following the SVP trial, the district court found the crime was sexually motivated. The court reasoned: "Martin was convicted for possessing child pornography that he had downloaded from the internet for masturbation purposes and clearly meets the definition of an offense which occurred for sexual gratification and accordingly qualifies as a sexually motivated offense." Substantial evidence supports the court's finding. *See In re Det. of Altman*, 723 N.W.2d 181, 184 (Iowa 2006) (setting forth standard of review). Specifically, Martin testified as follows:

> Q. Did you save additional child pornography files? A. Yes.
> Q. Overall, do you know how many? A. Overall, roughly 15.
> Q. Did you use those later to masturbate? A. Yes . . . .
> Q. What's your age range of victims? A. They range from four years old to roughly [sixteen].
> Q. In one interview you discussed a pornography video you used often to masturbate to that involved a child around the age of four or six; is that right? A. Yes.
> Q. And what did that involve? A. It involved her performing oral sex on an adult male.

*See In re Det. of May,* No. 12-0798, 2013 WL 4506323, at *2 (Iowa Ct. App. Aug. 21, 2013) (concluding "child endangerment offenses contained a component that was sexually motivated"); *In re Det. of Blaise*, No. 07-0188, 2009 WL 1066767, at *4 (Iowa Ct. App. Apr. 22, 2009) (finding sufficient evidence that conviction for first-

---

[3] The legislature amended chapter 229A effective July 1, 2019, to add all alternatives of sexual exploitation of a minor as enumerated offenses. *See* 2019 Iowa Acts Ch. 17, § 2.

degree harassment was for respondent's "sexual gratification and thus sexually motivated"). Based on Martin's testimony, we affirm the finding that Martin committed a sexually violent offense.

### B. Recent Overt Act

A "recent overt act" is "any act that has either caused harm of a sexually violent nature or creates a reasonable apprehension of such harm." Iowa Code § 229A.2(8). "'Recent' is not defined in the statute." *In re Det. of Gonzales*, 658 N.W.2d 102, 103 (Iowa 2003). A finding of a "recent overt act" involves "an objective assessment based on all the surrounding circumstances." *In re Det. of Swanson*, 668 N.W.2d 570, 576 (Iowa 2003); *In re Det. of Ruthers*, No. 17-1539, 2018 WL 5840803, at *6 (Iowa Ct. App. Nov. 7, 2018). The key question is "whether a past act of sexual violence has become too stale to serve as a predictor of future acts of a similar nature," a determination which "is not a precise task." *In re Det. of Willis*, 691 N.W.2d 726, 729 (Iowa 2005).

In *Ruthers*, this court determined "[t]he fact that the State's petition was not filed until four and one-half years after the acts renders the acts too stale to serve as a predictor." 2018 WL 5840803, at *6. Accordingly, the court concluded the "overt act upon which the State relies is not a 'recent' overt act," precluding commitment pursuant to section 229A.4(2). *Id.* The Iowa Supreme Court affirmed the opinion by operation of law. *In re Det. of Ruthers*, No. 17-1539, 2019 WL 1890455 (Iowa 2019); s*ee also In re Det. of Stenzel*, 827 N.W.2d 690, 697 (Iowa 2013) (stating "commitment of a nonconfined person absent a 'recent overt act' showing would 'raise serious constitutional issues'" (quoting *Gonzales*, 658 N.W.2d at 105)). *Ruthers* directly addresses the question of how recent a recent

overt act must be. But the procedural posture of that case differs from the procedural posture in this case. Specifically, Ruthers "committed the acts that gave rise to [the SVP] proceedings" seven years after he got out of prison and the State did not file the SVP petition until "four and one-half years after the acts." *Ruthers*, 2018 WL 5840803, at *6.

Here, in contrast, the acts triggering the SVP petition were committed in late 2014, the State revoked Martin's special parole within three months of the acts, and the State filed its SVP petition shortly before Martin's special sentence was to be discharged. Although twenty-three months elapsed between the "recent overt acts" and the filing of the petition, that timeframe is virtually identical to the timeframe in *In re Det. of Tripp*, 915 N.W.2d 867, 869 (Iowa 2018), where the apparent passage of close to two years from the "recent" overt act to the filing of the SVP petition was not a factor considered by the court. Indeed, the procedural posture there was virtually identical to the procedural posture here: an administrative parole judge revoked Tripp's section 903B.2 release in late 2013, and the State filed an SVP petition "before [he] was discharged from his two year incarceration under Iowa Code section 903B.2." *Id.* Based on *Tripp*, we conclude the twenty-three month lapse of time between the acts on which the parole revocation was predicated and the filing of the State's petition did not render the acts stale. *Cf. In re L.H.*, 890 N.W.2d 333, 341 (Iowa Ct. App. 2016) (concluding in an appeal from an involuntary civil commitment order under Iowa Code chapter 229 that "[t]he record before us does not include substantial evidence of a recent overt act, attempt, or threat. The last overt act occurred in February 2015, nearly one year before L.H.'s placement review").

The district court found a recent overt act, reasoning as follows:

> Martin's 903B supervision was revoked in 2014 for multiple violations, which included a continued sexual preoccupation regarding children and a total inability to recognize inappropriate behavior when it comes to children, such as showering with his own children, which allowed contact between his young children and Martin's penis.  A review of [State's] Exhibit 5 and the evidence at trial as a whole show that Martin is engaging in behavior that has a likelihood to lead to future reoffending through pornography offenses and/or contact offenses.
>
> A recent overt act does not necessarily have to be sexual or threatening but a review of actions and contexts of a person's offense history and whether a reasonable person would experience reasonable apprehension of sexually violent harm.
>
> Martin showered and slept with his children when Martin is admittedly a user of child pornography and has a sexual attraction to prepubescent children.  Martin admitted to getting erections while his children were on his lap, Martin showered with his children on multiple occasions, Martin used the Internet after monitoring software was disabled, and Martin used the Internet through his wife in violation of conditions of his parole to seek out sexual content.  Martin has shown a disregard to be compliant with the terms of his supervision and instead offers up excuses and assesses blame elsewhere.

Substantial evidence supports these findings.  At the SVP trial, the State offered Martin's parole revocation report, which was admitted without objection.[4]  The report included Martin's admissions that "he [was] taking showers with his two minor children ages three and two" and "during two occasions while showering with his children they touched his penis and . . . his penis may have brushed against their face[s]"; "he would frequently lie in bed or sleep with his children" and "his son rubbed his erect penis with his foot while they were in bed together"; "he

---

[4] The legislature added a new provision to Iowa Code chapter 229A, which states: "At trial, the court shall admit, and the fact finder may rely on, the findings of an administrative parole judge or other agency fact finder."  2019 Iowa Acts Ch. 17, § 5.

[was] having unsupervised contact with his niece"; and he "sometimes [got] an erection while [his] son or daughter sits on [his] lap or by [him]." Martin also admitted to "viewing videos depicting nudity on the Internet site YouTube.com"; "post[ing] an ad on Craigslist where [he and his wife] were seeking a sexual encounter"; and "disabl[ing] his internet monitoring software" and using his computer. *Cf. Tripp*, 915 N.W.2d at 877 (characterizing administrative parole judge's findings and conclusions on revocation of respondent's release as "threadbare" and stating "[t]he district court had no way at trial of making an independent determination of what the acts were, whether the alleged acts occurred, whether they were recent, whether they were overt, whether they were sexual in nature, whether the witnesses were credible, whether there was a misidentification, or whether the evidence cumulatively on the question of recent overt act was thick or thin").

Because the district court's findings are supported by substantial evidence, we affirm the order adjudicating Martin a sexually violent offender and ordering his civil commitment.

**AFFIRMED.**