## IN THE COURT OF APPEALS OF IOWA

No. 20-1282
Filed January 12, 2022

**IN RE THE DETENTION OF**
**ZACHARY WELSH,**

**ZACHARY WELSH,**
　　　　Respondent-Appellant.

_____

　　　　Appeal from the Iowa District Court for Fayette County, Richard D. Stochl,

Judge.

　　　　Zachary Welsh appeals his commitment as a sexually violent predator.

**AFFIRMED.**

　　　　Matthew S. Sheeley, State Public Defender Adult Division, Des Moines, for

appellant.

　　　　Thomas J. Miller, Attorney General, Keisha F. Cretsinger, Assistant

Attorney General, and Richard Bennett, Special Counsel, for appellee, State.

　　　　Considered by Mullins, P.J., and May and Ahlers, JJ.

**AHLERS, Judge.**

At the district court, the State successfully petitioned to have Zachary Welsh committed as a sexually violent predator. Welsh appeals. He contends the evidence is insufficient to support the commitment.

## I. Statutory Background and Standards

Civil commitment of sexually violent predators is governed by Iowa Code chapter 229A (2020). That chapter plots separate courses of commitment depending on whether the person sought to be committed is "presently confined" for a sexually violent offense.[1] The first course is followed when the person is "presently confined" for a sexually violent offense.[2] The second course is followed when the person is no longer confined but has committed a recent overt act under certain circumstances.[3] In its petition, the State alleged Welsh is presently confined for a sexually violent offense, and Welsh does not challenge that claim. As there is no disagreement that Welsh is presently confined, Welsh is on the first course for commitment.

The purpose of the civil commitment proceeding is to determine if the person is a "sexually violent predator," which is defined as "a person who has been convicted of or charged with a sexually violent offense[4] and who suffers from a

---

[1] *In re Det. of Wygle*, 910 N.W.2d 599, 601 (Iowa 2018).
[2] *Wygle*, 910 N.W.2d at 601 (citing Iowa Code § 229A.4(1)).
[3] *Wygle*, 910 N.W.2d at 601 (citing Iowa Code § 229A.4(2)).
[4] The statute lists various offenses that constitute sexually violent offenses. The offenses include "violation of any provision of chapter 709" and "[a]ny act which, either at the time of sentencing for the offense or subsequently during civil commitment proceedings pursuant to this chapter, has been determined beyond a reasonable doubt to have been sexually motivated." Iowa Code § 229A.2(12)(a), (g). "Sexually motivated" is defined to mean "that one of the

mental abnormality[5] which makes the person likely to engage in predatory acts[6] constituting sexually violent offenses, if not confined in a secure facility."[7]

As it pertains to this appeal, the parties generally agree that the State must prove two elements to commit a person under the first course of chapter 229A: (1) the person has a mental abnormality causing the person serious difficulty controlling the person's behavior; and (2) the person is more likely than not to commit a sexually violent offense in the future, absent confinement.[8] The State must prove these elements beyond a reasonable doubt.[9] The district court found that the State met its burden and civilly committed Welsh. On appeal, Welsh's only challenge is to the sufficiency of the evidence supporting the State's claim that he has serious difficulty controlling his behavior.

## II. Standard of Review

We review claims of insufficient evidence for correction of errors at law.[10] We will uphold the court's decision if there is substantial evidence "upon which a

---

purposes for commission of a crime is the purpose of sexual gratification of the perpetrator of the crime." Iowa Code § 229A.2(11).

[5] "Mental abnormality" is defined as "a congenital or acquired condition affecting the emotional or volitional capacity of a person and predisposing that person to commit sexually violent offenses to a degree which would constitute a menace to the health and safety of others." Iowa Code § 229A.2(6).

[6] With respect to a person currently confined—like Welsh—"likely to engage in predatory acts of sexual violence" is defined to mean "that the person more likely than not will engage in acts of a sexually violent nature." Iowa Code § 229A.2(5). "Predatory" is defined as "acts directed toward a person with whom a relationship has been established or promoted for the primary purpose of victimization." Id. § 229A.2(7).

[7] Iowa Code § 229A.2(13).

[8] See Iowa Code § 229A.2(13) (defining sexually violent predator); In re Det. of Stenzel, 827 N.W.2d 690, 701 (Iowa 2013).

[9] Iowa Code § 229A.7(5); Stenzel, 827 N.W.2d at 701.

[10] In re Detention of Betsworth, 711 N.W.2d 280, 286 (Iowa 2006).

rational trier of fact could find the respondent to be a sexually violent predator beyond a reasonable doubt."[11]  On our review to determine if the evidence was substantial, "we consider the entirety of the evidence presented in a 'light most favorable to the State, including all legitimate inferences and presumptions which may be fairly and reasonably deduced from the record.'  Evidence is not substantial if it raises only suspicion, speculation, or conjecture."[12]

## III.    Analysis of the Sufficiency of the Evidence

The evidence here consists of a number of uncontested facts coupled with a battle of experts.

### A.    The Uncontested Facts

The uncontested facts include Welsh's criminal behavior.  Welsh began exposing himself to others when he was around ten years old.  At age fifteen, he was adjudicated delinquent for assault with intent to commit sexual abuse of a thirteen-year-old boy.  In 2002, when he was nineteen, he was convicted of indecent exposure and placed on the sex offender registry after exposing his penis to a female employee of a hair salon.  Two to three years later, Welsh was convicted of harassment twice for making obscene phone calls to women.  When he was twenty-three years old, Welsh was again convicted of indecent exposure, this time for exposing his penis and masturbating in a department store.  Four years later, Welsh was convicted for violating sex offender registry requirements by being in a public library.  One and one-half years later, when he was twenty-

---

[11] *Betsworth*, 711 N.W.2d at 286.
[12] *Betsworth*, 711 N.W.2d at 287 (quoting *In re Det. of Swanson*, 668 N.W.2d 570, 574 (Iowa 2003)).

eight, Welsh was convicted of harassment for making an obscene phone call to a library employee. In 2018, when he was thirty-four years old, Welsh was convicted of two counts of violating sex offender registry requirements after being caught loitering outside a dance studio and peering through the windows at the young dancers. He was in prison for these two registry charges when the State filed its petition for civil commitment.

In addition to his delinquency adjudication and criminal convictions, Welsh testified that he exposed himself to others somewhere between ten and twenty-five times without being caught. He also failed to complete sex offender treatment while placed at the State Training School for his delinquency adjudication. While in prison for his adult convictions, Welsh completed sex offender treatment, but he testified that he only completed the program by lying. He asserts his lie was admitting there was a sexual reason why he was peering in the windows at the dance studio.

## B. The Battle of the Experts

Both sides called expert witnesses. The State's expert, a licensed psychologist, interviewed Welsh twice and reviewed over 1200 pages of records about Welsh. He testified that after his examination of Welsh, his opinion is that Welsh suffered from a predisposing mental disorder that makes him more likely than not to commit future acts of sexual violence. He diagnosed Welsh with "other specified disruptive, impulse-control, and conduct disorder—hypersexual type." With this, he opined that Welsh has difficulty controlling his impulses and sexually acts out. The State's expert also conducted and relied on several actuarial-based

assessments.[13] Based on the information gathered and the assessments conducted, the expert determined that Welsh is very likely to reoffend if he is released.

Welsh's expert is a clinical and forensic psychologist. He also interviewed Welsh and reviewed records about Welsh. Armed with that information, he gave the opinion that Welsh does not suffer from a qualifying mental abnormality. He acknowledged Welsh has a number of mental disorders, but none that would cause him to commit sexually violent offenses. The conclusion that Welsh did not presently suffer from a qualifying mental abnormality was based, in part, on his belief that Welsh had not exposed himself in over thirteen years and had not made an obscene phone call in approximately eight years.

### C.     The District Court's Decision

After hearing the testimony from Welsh and the two experts, the district court found that the State met its burden to prove that Welsh was a sexually violent predator. In reaching this conclusion, the district court stated that it found the State's expert more convincing than Welsh's.

The unchallenged facts show that Welsh has an extensive and primarily sexual criminal history. That history shows Welsh's failure to control his sexual impulses. The fighting issue then boils down to a battle of the competing experts. As the factfinder, it was up to the district court to decide which expert it found more

---

[13] *See Stenzel*, 827 N.W.2d at 703 (considering actuarial assessments along with an expert's clinical judgment to find substantial evidence supporting a finding that the respondent was a sexually violent predator); *In re Det. of Hill*, No. 07-1379, 2008 WL 2520810, at *4 (Iowa Ct. App. June 25, 2008) (same).

convincing.[14]  The district court found the State's expert more convincing.  As the district court "is in a better position to weigh the credibility of the witnesses" than we are, we "readily defer to the district court's judgment" when there is a battle of experts.[15]

## IV.    Conclusion

The evidence presented at trial, including the testimony of the State's expert that the district court found more convincing, constitutes substantial evidence supporting the district court's finding that Welsh is a sexually violent predator.  In particular, there is substantial evidence supporting the finding that Welsh has serious difficulty controlling his behavior.  As a result, we affirm.

**AFFIRMED.**

---

[14] *In re Det. of Altman*, 723 N.W.2d 181, 185 (Iowa 2006).
[15] *State v. Jacobs*, 607 N.W.2d 679, 685 (Iowa 2000).